Mann v. Gordon.

[No. 1270, August 30, 1910.]

OTTO MANN, Appellee, v. JOHN A GORDON, Appellant.

### SYLLABUS (BY THE COURT.)

1. In a suit brought to recover money lost at gambling within one year prior to the bringing of such action, moneys won at gambling by the plaintiff from the defendant more than one year prior to the commencement of action by the plaintiff to recover his losses, are not within the terms of section 2927 of the Compiled Laws of 1897 and cannot be pleaded as a set-off or counterclaim to the original cause of action.

2. A demurrer to a counterclaim which pleaded a cause of action under the gaming statutes barred by the statutes of limitation was properly sustained.

3. In an action under Sec. 3199, C. L. 1897, to recover money lost at a gambling device, it was in evidence that the plaintiff did not settle the loss at the time of the play but about six weeks later he gave a check which defendant subsequently cashed. Held that an instruction to the effect that the loss occurred at the time the game was played and not when the check was given or the money paid, was proper.

Appeal from the District Court for the County of

Mann v. Gordon.

Bernalillo, before IRA A. ABBOTT, Associate Justice. Affirmed.

E. W. DOBSON for Appellant.

. Suit should have been brought within one year from the time such action accrued. C. L. 1897, sec. 3211; Ware v. Howley, 27 N. W. 789, 68 Iowa 633.

Counterclaims. Code, sub-secs. 40, 41; C. L. 1897, secs. 2980, 2982, 2927; Folsom v. Winch, 19 N. W. 305, 63 Iowa 479; Allen v. Maddox, 40 Iowa 124; Feld v. Coleman, 72 Miss. 545; Waring v. Hill, 89 Ind. 497; 20 Cyc. 946; Elias v. Gill, 18 S. W. 454, 92 Ky. 569; Dunn v. Bell, 4 S. W. 41; Zielly v. Warren, 17 Johnson, N. Y., 335; Johnson v. McGregor, 41 N. E. 550.

Money voluntarily paid, with knowledge of the facts, can not be recovered, even though the asserted claim was invalid and unenforceable. 22 A. & E. Enc. Law 609, and authorities cited; 14 A. & E. Enc. Law 626; Whelloch v. Babo, Harp. L., S. Car., 421; Herd v. Vincent, 1 Overt., Tenn. 369.

MEDLER & WILKERSON for Appellee.

Defendant to maintain his counterclaim must bring himself within terms of C L. 1897, sec. 3211. C. L. 1897, secs. 2914, 2917, 2927; Laws 1880, ch. 5, sec. 14.

Recovery of money lost at gambling. C. L. 1897, secs. 3199, 3211.

## STATEMENT OF FACTS.

This is a suit brought by appellee to recover $960.00 alleged to have been lost at gambling. The complaint was filed April 24, 1907, and alleges that the money was lost on April 28, 1906.

The answer denies that plaintiff lost the money and denies that the cause of action accrued within one year; and further alleges as a counterclaim and set-off that on August 17, 1905, the appellee won from the appellant $975.00.

---

Mann v. Gordon.

---

A reply was filed which was afterwards withdrawn and a demurrer filed to the answer, on the grounds that the counterclaim failed to state facts constituting a cause of action in that the alleged cause of action set up in the counterclaim had not accrued within one year from the bringing of the suit. There were other grounds of demurrer but the same are not material to the issues herein. This demurrer was sustained and thereafter trial was had to the court and jury upon the issues made by the complaint and denial of liability contained in the answer, which resulted in a verdict for the plaintiff of "$560 and 6 per cent."

From the judgment entered thereon defendant below appealed to this court.

### OPINION OF THE COURT.

MECHEM, J.—The appellant assigns eleven grounds of error, but in his brief and upon the oral argument abandoned all but three. Of these, only two are necessary to a determination of the case.

1. It is insisted that the court erred in sustaining appellee's demurrer to the counterclaim set up in the answer.

Section 3211 of the Compiled Laws of 1897 provides that any suit brought under the act to restrain gaming shall be commenced within one year from the time such action accrued and not afterwards.

Section 2927 of the Compiled Laws, which was section 14 of the Act of 1880, reads as follows:

"A set-off or counterclaim may be pleaded as a defense to any cause of action, notwithstanding such set-off or counterclaim may be barred by the provisions of this act, if such set-off or counter claim so pleaded was the property or right of the party pleading the same at the time it became barred and at the time of the commencement of the action, and the same was not barred at the time the cause of action sued for accrued or originated; but no judgment for any excess of such set-off or counter claim over the demand of the plaintiff as proved shall be rendered in favor of the defendant." U. S. v. Howland,

vol. 1, page 556, N. M. Rep.; Staab et al., v. Ortiz, vol. 1, page 516, W. C. Rep.

The cause of action set up as a counterclaim by appellant was barred as an independent action at the time the complaint herein was filed in the district court. Counsel for appellant contends, however, that the counter claim pleaded in the answer comes within section 2927 cited *supra*. Evidently he overlooked the limitation therein expressed limiting the provisions of the act permitting a barred action to be pleaded as a counter claim or set-off, to the actions specifically mentioned in such act.

Section 2929, which was section 16 of the same act, as 2927 cited *supra,* provides as follows:

"None of the provisions of this act shall apply to any action or suit, which, by any particular statute of this Territory, is limited to be commenced within a different time, nor shall this act be construed to repeal any existing statute of the Territory which provides a limitation of any action; but in such cases the limitation shall be as provided by existing statutes."

The gaming law being an earlier statute, and not one of the causes of action mentioned in the earlier sections of the Act of 1880, and containing specific restrictions as to the right to bring an action to recover moneys lost at gambling is clearly not within the provisions of section 2927, cited *supra,* and the demurrer was properly sustained.

II. The remaining assignment of error relates to the refusal of the court to give the following instruction to the jury:

"The jury are instructed that if you believe from the evidence that the check for $460 was given by the plaintiff to the defendant a month or so after the playing of the game at which it is alleged that the same was lost, then the money represented by said check cannot be recovered by the plaintiff in this action."

The court refused this instruction and instructed the jury upon this point as follows:

"Now, whatever loss occurred, and that you are to determine from the evidence, you are instructed, occurred

at the time the game was played, and not in any particular at any later time; that is, the two checks for two hundred dollars each, if they were such checks, were lost when they were given, and not when they were paid, and the check for four hundred and sixty dollars, if that amount was lost at all, and that you are to determine from the evidence, was lost at the time of the game, and not at the time the check was given, so you are to determine from the evidence whether the plaintiff did lose to the defendant nine hundred and sixty dollars, or any part of it, within the year prior to the 24th day of April, 1907."

The testimony of the plaintiff was to the effect that he lost $960 on or about April 28, 1906. That of this amount he paid $100 in cash at the time of the game and gave two $200 checks which he took up two or three days later, paying the money and destroying the checks; that the balance of $460 was not paid at the time of the game; that on the first of June following, more than a month after the alleged loss of the money, he gave the defendant a check for the $460, which defendant afterwards cashed. It appeared from the evidence, as an undisputed fact, that the $460 was paid as aforesaid and that it represented the credit extended by the gamekeeper to the appellee herein; that the appellee more than a month later, although under no legal obligation so to do, voluntarily paid this amount to the appellant.

Appellant's argument on this point is that this $460 was not money lost at gambling within the meaning of the statute; that it was voluntary payment not made at the time of the gambling by any check or note given therefor, but the check was voluntarily given some thirty-three or thirty-four days after the alleged transaction and he cites in support of his contention the following quotation from 14 Am. & Eng. Enc. of Law, 626:

"When the winner extends credit to the loser, whether or not he takes from the loser a promissory note, and the loser subsequently voluntarily pays the gambling debt to the winner, it has been held that the transaction is not within the meaning of the statute, and the loser cannot recover the payment so made."

The context is supported by Whelloch v. Bobo, 1 Harp. L. (So. Car.) 421, decided in the year 1824 on a statute of 9th Anno., c. 14, then in force in South Carolina, which allowed the recovery of treble the amount of a sum of money won on a horse race.   The second case is Herd v. Vincent, 1 Overton (Tenn.) 369, decided in 1808, the application of the latter case being very doubtful indeed. The foot note also cites an Irish case to the contrary, Lynn v. Bell, 10th Ir. C. L. 487, which we have not an opportunity to examine.   We are not inclined to follow these cases because in our opinion to do so would be to give too narrow a scope to our statutes.   Such statutes are remedial in their nature and designed to discourage gambling by making the game keepers winning insecure. We do not think we are justified in any refinement in its construction.

The statute reads as follows:

Sec. 3199.   "Any person who shall lose any money or property at any game of cards, or at any gambling devise, may recover the same by action of debt, if money; if property by action of trover, replevin or detinue."

Sec. 3202.   "All judgments, securities, bonds, bills, notes or conveyances when the consideration is money or property, won at gambling, or at any game or gambling device, shall be void."

By Sec. 3203, no assignment of any such bond, etc., shall affect the defense of the person executing the same. And the right to recover money lost or to avoid any bond, etc., given in consideration of money lost at gambling is given not only to the person but to his wife, children, heirs, executors, administrators and creditors.

So it will be seen that the statute is very broad and comprehensive.   It seems intended that the loser at gambling may recover for any loss and for the loss of anything of value whatsoever.

The argumen of the appellant reduced down to its lowest terms is that where a person pays a gambling debt at any other time than at the time of the loss, it is a voluntary payment and being voluntary no recovery can be had.

We fail to observe by the terms of the statute any-

thing to base this argument upon. Whether the payment be made voluntarily or under duress it seems no distinction is made by the statute.

But is it argued "that money voluntarily paid with knowledge of the facts, cannot be recovered, even though the asserted claim was invalid and unenforceable." 22 A. & Eng. Ency. of Law 609.

Why should this rule apply any more when the loser pays before leaving the gaming table than a month afterwards? The loser is entitled to recover money or property lost by him "at any game of cards or at any gambling device." - Is not the money lost as in this case, at roulette, paid to the winner six weeks after the game, just as much lost as if paid at the moment the game was finished? Surely the loser lost and just as surely the loss was at the game or gambling device.

Does not a man pay as much voluntarily when he pays before he leaves the table as after it? The argument of appellant loses force when it is considered that the asserted claim is no more invalid six weeks after the game than it was at the moment the game was played, or in other words the payment would have been as voluntarily made if at the time of the game as six weeks afterwards.

The instruction given by the court correctly stated the law.

There appearing no error in the record the judgment of the lower court is affirmed.

William H. Pope, Chief Justice, and John R. McFie, Associate Justice, concur.

### DISSENTING OPINION.

WRIGHT, J.—I am unable to concur in the reasoning of the majority of the court upon the question raised by the assignment of error upon the instructions given to the jury relating to the item of $460 admitted by the evidence to have been paid some six weeks after the gambling game, at which the same is supposed to have been lost, was played. The appellant requested the court to give the instruction which is set out in the majority opinion, to the jury. This instruction was refused by the court and

the court upon his own motion instructed the jury upon this point as is set out in the majority opinion.

In an early case in South Carolina under a statute permitting the recovery of money and goods lost in gambling, which statute was taken from 9th Ann. (an old English statute) the courts of that state held that when the winner exends credit to the loser and the loser subsequently voluntarily pays the gambling debt to the winner, that the transaction is not within the meaning of the statute and the loser cannot recover the payment so made. Whelloch v. Bobo, Harp. 1, (S. Car. 421); See also: Herd v. Vincent, 1 Overt. (Tenn.) 369.

In the South Carolina case cited *supra* the court said in passing upon this point, that the thing bet upon the game, which in this instance was a horse race, was a note, and that this being void under the statute there was no legal liability to pay the same. In other words, there was in fact nothing bet on the race which could be construed as being within the statute, the statute providing, as does our statute, that money and goods, (in our statute property) lost at gambling can be recovered by suit brought as provided in such statute.

In the case at bar there was nothing lost at gambling. There was no legal liability upon the part of the appellee herein to pay and the payment made afterwards with full knowledge of the fact, voluntarily, cannot be held as coming within the meaning of the statute.

This court in the case of Territory v. Newhall, 103 Pac. 982, held:

"A voluntary payment, made with a full knowledge of all the facts and circumstances of the case, though made under a mistaken view of the law, cannot be revoked, and the money so paid cannot be recovered back."

There was no money or anything else lost at the time of the game, the money itself was not lost until payment was made and that occurred six weeks after the game. If it had been the intention of the legislature to include voluntary payments made after the game they would un-

doubtedly have covered such point by the terms of the statute.

Mr. Justice Parker concurs in the above.

### SYLLABUS (BY THE COURT.)

