[No. 1940, May 7, 1918.]
## MUSGRAVE v. McMANUS, Superintendent of Penitentiary.

### SYLLABUS BY THE COURT.

1. The provisions of section 3350, Code 1915, requiring an action for personal injury to be brought within three years, is not tolled by section 3353, excepting from the operation of the statute persons under legal disability.          P. 231

2. In the case of a convict serving a term in the penitentiary at the time of the alleged personal injury, who does not bring the suit within three years thereafter, the exceptions contained in the statute, section 3353, Code 1915, as to persons under legal disability, not including persons imprisoned, such persons are not under legal disability within the meaning of the statute.          P. 231

Roberts, J., dissenting.

Appeal from District Court, Santa Fe County; Abbott, Judge.

Suit by Vollie C. Musgrave against John B. McManus, Superintendent of the State Penitentiary. Demurrers to complaint sustained and cause dismissed, and plaintiff appeals. Affirmed.

McFie, Edwards & McFie, of Santa Fe and Gallup, for the appellant.

The statute requiring actions for damages for injury to the person to be brought within three years of the date of the injury does not apply to a convict because he is under legal disability.

Sections 3350, 3352, Code 1915; Angell on Lims. 203; 31 Jac. 1; Browning v. Browning, 3 N. M. 659; 1 Chitty Crim. L. 723; Co. Litt. Sec. 199, note; 1 Chitty Crim. L. 724, 729, 727; 5 Geo. 4 C. 84 S. 26; New v. Smith, 119 Pac. 380; Dade Coal Co. v. Haslett, 83 Ga. 549, 10 S. E. 435; Rosa v. Prather, 2 N. E. 575; State v. Cal-

houn, 32 Pac. 40, 18 L. R. A. 838, 34 Am. St. R.; Mo. Rev. Stats. 1899, Sec. 4160; Neeks v. Vassault, 16 Fed. Cas. 1314, 1317; Westcott v. Upham, 107 N. W. 2; Sec. 5086, Code 1915; Sec. 2165, Code 1915.

F. W. CLANCY, Attorney General, (FRANK J. LAVAN, of Santa Fe, of counsel) for appellee.

Resort to common and statutory law for definition of "legal disability" is not permitted, nor is a convict under such disability.

Chap. 5, L. 1880, Sec. 3353, Code 1915; 21 Jam. 1, Sec. 7; C. 14, L. 1884; Sec. 4075 Code 1915; 2 Wood on Lim. (4th Ed) 1077; Sec. 3358, 3360, 3354, Code 1915; Wood on Lim. (4th Ed) Secs. 237-242; Lindauer Merc. Co. v. Boyd, 11 N. M. 464, 70 Pac. 568; Railway Co. v. Grain Co. 75 Pac. 1051; Hoster v. Sammelmann, 74 S. W. 728; Lawson v. Tripp, 95 Pac. 520; McIver v. Ragan, 15 U. S. (2 Wheat.) 24; 25 Cyc. 990; Lewis v. Lewis, 7 How. 776; 25 Cyc. 1226-1227; 25 Cyc. 1264; Bledsoe v. Stokes, 1 Baxt. (Tenn.) 312; Tallman v. Mutual F. Ins. Co. 27 U. C. Q. B. 100; Bremen M. Co. v. Bremen, 79 Pac. 1133; Romero v. R. R. 72 Pac. 37; De Baca v. Wilcox, 68 Pac. 922; Lutz v. R. R. 30 Pac. 912; Perea v. Bank, 27 Pac. 322; Wood on Lim. Vol 2. 1135; Sec. 1450 Code 1915; Ex parte De Vore, 136 Pac. 47; 30 Cyc. 22, 23; Rev. Stats. Mo. 1909, Sec. 2895, 2891; 9 Cyc. 872; Sec. 4263 Code 1915; Wiesner v. Zaun 39 Wis. 188.

Reply brief of appellant.

Where statute does not repeal or cover whole ground occupied by common law, it repeals it to extent of conflict only.

Ex parte De Vore, supra.

Our statute of limitations was patterned after that of Iowa. Bullard v. Lopez, 7 N. M. 566.

As to construction of such statutes see:

Armijo v. Neher, 11 N. M. 646; U. S. v. Tallmadge, 14 N. M. 293; Terr. v. Davenport, 17 N. M. 214; State v. Armijo, 18 N. M. 560.

For definitions of legal disability, see:

In re Carew, 2 Ch. 311.

## STATEMENT OF FACTS.

The appellant, plaintiff below, brought suit against John B. McManus, superintendent of the state penitentiary, to recover damages for alleged injuries sustained by him from a beating administered to him while he was confined as a convict. The complaint alleges that the beating occurred on the 19th day of May, 1912; that the plaintiff was continuously confined as a convict in the penitentiary from December 20, 1910, until October 26, 1915. The complaint was filed December 20, 1915. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause action, in that the alleged injuries were inflicted more than three years before the beginning of the action, and that therefore the right of action was barred by the statute of limitations. This demurrer was sustained by the trial court, and the cause dismissed; from which judgment the plaintiff has appealed.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). The several assignments of error raise but one question, to wit, is the statute requiring an action for damages for injury to the person to be brought within three years of the date of the injury tolled by the section of the statute excepting persons under any legal disability. By section 3350, Code 1915, it provided that an action for an injury to the person or reputation of any person must be brought within three years. By section 3353 it is provided as follows:

"The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of

minors and persons insane or under any legal disability, be extended so that they shall have one year from and after the termination of such disability within which to commence said actions.''

It is contended by appellant that by virtue of our statutory provision, section 1354, Code 1915, the common law as recognized in the United States of America shall be the rule of practice and decision. Therefore, where there is no statute law abrogating it, the common law is in force, and, it appearing that we have no statutory definition of ''legal disability.'' it becomes the duty of the court to look to the common law for a definition of this term as applied to our statute. The seventh section of the Statute of James (the English statute of limitations) provided that if any person entitled to bring any of the personal actions mentioned therein should be, at the time the cause of action accrued, under the age of 21 years, feme covert, non compos mentis, imprisoned, or beyond the seas, such person shall be at liberty to bring the same action within the times limited by the statute after his disability has terminated. In Browning v. Estate of Browning, 3 N. M. 659, 9 Pac. 677, it was held that the statute of limitations of 21 James I, became the law of limitations of the territory in 1876. By chapter 5 of the Laws of 1880 the Legislature adopted the statute of limitations as to civil actions; section 3353, quoted supra, appearing as section 10 of that act. Section 3350, referred to supra, was adopted by the same act of the Legislature of 1880 as section 5, but was subsequently amended by chapter 60 of the Laws of 1909, extending the period from two to three years within which the action could be brought.

It is argued by appellant that while by the adoption of our present statute of limitations we repealed the common-law statute, yet it is evident that the Legislature in the passage of section 3353 had in mind the common-law disabilities, and that it is therefore proper to look to the English statute for a definition of what were the legal disabilities under the common law.

Under the ancient common law it is true that there were three principal incidents consequent upon a conviction for felony; forfeiture of estate, corruption of the blood, and the extinction of civil rights, more or less complete, which is denominated civil death. At the common law it was also true that a felon could be sued, but could not sue. The felon's disability to appear as plaintiff was due to the forfeiture of his estate, resulting in the lack of remedial interest in the cause of action, 30 Cyc. 22. As pointed out in the same text at page 23, this doctrine of the common law that a convict had no standing as party plaintiff has been generally rejected by American courts as a rule of our common law, though it has had a partial survival in American statute law. See, also, 9 Cyc. 872. Under the English statute. of limitations the following persons were excluded from the restrictions of the act: Those within the age of 21 years; feme covert; non compos mentis; imprisoned; beyond the seas. By our statute of 1880, the following persons were excluded from the restrictions of the act: Minors; insane persons; persons under any legal disability.

[**1, 2**] A comparison of our statute on the subject of limitation of civil actions with the statute of Missouri (Rev. St. 1909, § 1879 et seq.) would lead one to believe that our legislature closely followed the Missouri statute. While not identical, they are very similar. This conclusion was evidently reached by our territorial Supreme Court in considering another section of the same statute in the case of Lindauer Mercantile Co. v. Boyd, 11 N. M. 464, 70 Pac. 568. It therefore becomes pertinent to compare the provision in the Missouri statute with regard to exceptions made with a similar provision in the statute of New Mexico. The first and second provisions of the two statutes are substantially the same. The third provision of the Missouri statute excepts those imprisoned on any criminal charge for any time less than life. The fourth provision of the Missouri statute excepts married women. The New Mexico statute excepts those under any legal disability, and

makes no reference to married women. It might be urged that our legislature in adopting our statute without specifically excepting those imprisoned disclosed an intention to depart from the common-law rule, which had been, in a modified form, adopted in the Missouri statute, and this view would be borne out by the fact that no reference is made to married women, who have been given definite rights under other New Mexico statutes. In endeavoring to arrive at the intention of the legislature, in this connection it is well to note that both in England and in this country the courts have considered statutes of limitation more favorably than formerly, and that while the statute itself is to be construed liberally, it follows necessarily that the exceptions which it makes in favor of particular persons or classes are to be construed with strictness, and that implied and equitable exceptions are not to be grafted upon the statute of limitations where the legislature has not made the exception in express words in the statute. See Black on Interpretation of Laws, 332; 25 Cyc. 990; 17 R. C. L., Limitations of Actions, §§ 33, 189, 190. See, also, Buss v. Kemp Lumber Co., 23 N. M. 567, 170 Pac. 54. In 25 Cyc. at 1264, it is said:

"Imprisonment, if not an exception in the statute, cannot affect the running of limitation."

One of the cases which we have examined in support of this rule, that of Bledsoe v. Stokes, 1 Baxt. (Tenn.) 312, is not quite satisfactory, and the opinion is not comprehensive enough to throw any great light upon the question. The court said, however:

That "when the Legislature in the statute of limitations has created no exceptions, the court can make none is too plain a point to require the citation of authority."

The court apparently held that because the disability of imprisonment was not retained and brought forward from a former statute of limitation into the present code, imprisonment did not constitute a statutory bar.

Musgrave v. McManus, 24 N. M. 227.

The same argument might be held to apply to the present case, in view of the fact that by the adoption of the New Mexico statute without including the use of the term "imprisonment," as it appears in the Missouri statute, this bar to the operation of the statute has not been carried forward into our New Mexico law.

In Wood on Limitations, vol. 2, § 237, an interesting discussion of the saving clauses in statutes of limitations is found, from which it is to be observed that in many of the states persons imprisoned are excepted from the operation of the statute, or, to be more exact, the operation of the statute of limitations is tolled in their favor for a definite time after the removal of this disability, if it be such. The author points out that in Connecticut the saving clause exists in favor of persons legally incapable of suing, and that this applies only in favor of infants, feme covert, and such persons as by the common or statute law are incapable of bringing an action at law, and does not embrace persons imprisoned or beyond the seas. The same author at section 241 further discusses the question of imprisonment, and points out that in Connecticut, New Hampshire, Iowa, Kansas, New Jersey, Kentucky, Mississippi, Tennessee, Delaware, Virginia, West Virginia, and New Mexico imprisonment is not recognized as constituting a disability, and no saving clause exists in favor of persons restrained of their liberty. While no authority is cited by the author in support of this conclusion, at least so far as New Mexico is concerned, the conclusion arrived at is undoubtedly based upon the principle that "persons imprisoned" must be expressly mentioned in the statute in order that they have the benefit of the saving clause. This principle finds support in the case of Bledsoe v. Stokes, cited supra, and in the case of Lawson v. Tripp, 34 Utah, 28, 95 Pac. 520, in which case the Utah court said that, while the rule is that statutes of limitation are generally to be liberally construed, it is also a well-recognized doctrine that when such statutes contain provisions excepting certain persons or classes from the

operation of the statutes, those exceptions are to be strictly construed, and courts will not by construction extend such an exception to include persons not expressly mentioned therein. We have cited Black on Interpretation of Laws, supra, in support of this principle, and numerous other authorities might be added, with which, however, we will not cumber this opinion. "Legal disability," which is the term used in our statute, is defined by Bouvier to be a "want of legal capacity to do a thing." As applied to the statute of limitations in civil actions, it would unquestionably mean legal capacity to bring the action, and, as we have pointed out, at common law a convict was without power to bring a civil action, and, as also pointed out, this rule has been changed in American jurisdictions, save in a few which have preserved the common-law rule by statutory enactment. In New Mexico there is no disability in a convict to institute a civil action, the only results of conviction of crime being as set forth in our statute, section 1450, Code 1915, and the provisions of section 1, art. 7 of the Constitution. The constitutional provision having to do with the convict's loss of the right of suffrage and the statutory provision setting forth the effects of conviction for crime, but not including forfeiture, corruption of blood, or loss of civil rights. In Missouri it is provided by statute that convicts for life are civilly dead, and as to their estates, an imprisonment for life shall result in the administration and disposition of the estate as if he were naturally dead. Section 2895, Rev. Stats. Mo. 1909. Our legislature must have recognized the fact that Missouri was closely following, in its legislation, the common-law rules upon the subject of imprisonment or conviction, and, having elected to depart from the language of the Missouri statute, our legislature evidently disclosed an intention to depart from the common-law rule, and the Missouri rule, and we believe that this is clearly evidenced by the fact that in all other respects the two statutes are similar. In the able brief by appellee an interesting dis-

cussion is had of the statutory and constitutional provisions of our statute, which is not only instructive, but strengthens us in the conclusion at which we have arrived. We do not desire to add this to our opinion, however, and thereby further lengthen the same. It is our conclusion that the legislature of New Mexico had in mind the general rule that exceptions contained in statutes of limitations in favor of particular persons or classes are to be construed with strictness, and that implied or equitable exceptions are not to be grafted upon the statute where the legislature has not made the exception in express words in the statute. Further, that the legislature, having before it the Missouri statute, which in express terms excepted persons imprisoned for less than life, elected to depart from the language of that statute, and from the effect of imprisonment under the English statute of limitations, which unquestionably can have no application to our changed circumstances and conditions. In view of these conclusions we can not hold that the term "under any legal disability," as contained in our statute, should be construed as including persons imprisoned.

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

PARKER, J., concurs. ROBERTS, J., dissents.

### SYLLABUS BY THE COURT.

