523 P.2d 29

**Elise NORIEGA, Plaintiff-Appellant,**

**v.**

**CITY OF ALBUQUERQUE, Defendant-Appellee.**

**No. 1336.**

Court of Apeals of New Mexico.

May 15, 1974.

Certiorari Denied June 6, 1974.

Robert L. Thompson, Charles G. Berry, Marchiondo & Berry, P.A., Alburquerque, for plaintiff-appellant.

Cornelius J. Finnen, Asst. City Atty., Albuquerque, for defendant-appellee.

OPINION

WOOD, Chief Judge.

Plaintiff sought damages from the City of Albuquerque alleging that the City's negligence was the cause of injuries suffered in an accident which occurred on January 11, 1971. The complaint was filed June 30, 1972. The trial court dismissed the complaint on the basis that suit was not commenced within one year after the

date of injury. Section 23–1–23, N.M.S.A. 1953; Seiler v. City of Albuquerque, 57 N.M. 467, 260 P.2d 375 (1953). Appealing, plaintiff contends her suit was timely under the provisions of § 23–1–10, N.M.S.A. 1953.

Section 23–1–23, supra, provides a one year limitation for negligence suits against municipalities. Plaintiff asserts this is a special statute which applies only to the time period for such a suit; that this special time period provision did not affect the applicability of a general statute extending the time for filing an action. The general statute, asserted to be applicable, is § 23–1–10, supra.

Section 23–1–10, supra, states: "The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and persons insane or under any legal disability, be extended so that they shall have one [1] year from and after the termination of such disability within which to commence said actions." The above quotation is the language used in § 3353, N.M.S.A. Code (1915). This language varies from the wording as originally enacted by Laws 1880, ch. 5, § 10. This variance is immaterial in this case. Whether the original enactment or the Codification of 1915 is considered, § 23–1–10, supra, is concerned with extending the time period for commencing an action where a person is under a legal disability.

Plaintiff filed two affidavits which we assume raise a factual question concerning a legal disability on plaintiff's part from January 11, 1971, to July 9, 1971. Plaintiff's contention is that the one year period provided by § 23–1–23, supra, did not begin to run until July 9, 1971. On this basis, she asserts her complaint was timely filed. The correctness of this view depends on whether § 23–1–10, supra, is applicable.

Plaintiff's contention overlooks another legislative provision. Section 23–1–17, N.M.S.A. 1953 states: "None of the provisions of this chapter shall apply to any action or suit which, by any particular statute of this state, is limited to be commenced within a different time." This provision was a part of the original legislative enactment. Laws 1880, ch. 5, § 16. This provision was a part of the Codification of 1915. Section 3359, N.M.S.A. Code (1915).

■ Under § 23–1–17, supra, the provisions of § 23–1–10, supra, do not apply to any action which, by a particular statute, is. limited to be commenced within a different time. Leavell v. Town of Texico, 63. N.M. 233, 316 P.2d 247 (1957); Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1952); Mann v. Gordon, 15 N.M. 652, 110 P. 1043 (1910); Perry v. Staver, 81 N.M. 766, 473 P.2d 380 (Ct.App.1970); see Musgrave v. McManus, 24 N.M. 227, 173 P. 196, LRA 1918F 348 (1918). Thus § 23–1–10, supra, does not apply to actions for negligence. against municipalities which must be commenced as provided by § 23–1–23, supra.

Plaintiff asserts that "policy considerations dictate that § 23–1–10 must be held applicable to § 23–1–23." The policy considerations involved, according to plaintiff, are that the law favors "the right of action, rather than the defense of limitation" and that the "exceptions for mental disabilities" in § 23–1–10, supra, indicate a legislative policy to apply the exceptions in suits against municipalities.

■ We recognize that the law favors the right of action rather than limitation of the action. Slade v. Slade, 81 N.M. 462, 468 P.2d 627 (1970). However, the provisions of § 23–1–10, supra, cannot be applied to § 23–1–23, supra, because § 23–1–17, supra, states those provisions are not to apply. Section 23–1–17, supra, is unambiguous; there is no room for construction. Thus, the effect of § 23–1–17, supra, is not to be avoided by construction. Plaintiff asks the Court to supply a legislative omission to avoid a harsh result. We have no authority to supply such an omission where the legislative act is unambiguous. Natseway v. Jojola, supra.

The order of dismissal is affirmed.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.