603 P.2d 744

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Mark Allen CHOUINARD,
Defendant-Appellee.**

**No. 4198.**

Court of Appeals of New Mexico.

Nov. 8, 1979.

Jeff Bingaman, Atty. Gen., Santa Fe, James F. Blackmer, Asst. Atty. Gen., Sasha Siemel, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Michael Dickman, App. Defender, Santa Fe, Nancy Hollander, Asst. Public Defender, Albuquerque, for defendant-appellee.

OPINION

LOPEZ, Judge.

The state appeals the dismissal of one count of a criminal indictment charging the defendant with using a firearm in the commission of a felony, pursuant to § 40A–29–3.1, N.M.S.A.1953 (Supp.1975). We affirm.

The only issue before us is whether possession of a firearm during the commission of a felony constitutes "use" of a firearm under the New Mexico firearm enhancement statute, § 40A–29–3.1, N.M.S.A.1953 (Supp.1975) [which is, for purposes of this appeal, essentially the same as § 31–18–16, N.M.S.A., 1978 (Supp.1979) in the current codification].

The State's allegations, not disputed on this appeal, are as follows. The defendant and co-defendant were arrested before completing the sale of eight ounces of cocaine to an undercover agent of the Albuquerque Police Department. At the time of his arrest, the defendant was armed with a

loaded semi-automatic pistol in his belt. The co-defendant also had a pistol in his belt and a magnum revolver wrapped up on the seat behind him within his reach. The co-defendant waited in his vehicle while the defendant went into the agent's apartment to conduct the negotiations for the sale. Neither defendant ever drew or pointed his gun at the police officers at any time during the negotiations or the arrests. Among other charges, the State accused the defendant of using a firearm in the trafficking of cocaine. The trial court dismissed this count before trial. Although the State objected to dismissal of this accusation at a pre-trial hearing, the procedural issue was not briefed on appeal and is thus waived. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The New Mexico firearm enhancement statute under which Chouinard was charged reads:

A. When a separate finding of facts by the court or jury shows that a firearm *was used* in the commission of:

(1) any felony except a capital felony, the minimum and maximum terms of imprisonment prescribed by the Criminal Code shall each be increased by five [5] years . . . . (Emphasis added.)

§ 40A–29–3.1, N.M.S.A.1953 (Supp.1975).

 While this court has previously held that the idea of "use" in this statute should be construed broadly to include the use of a gun as a club, *State v. Trujillo*, 91 N.M. 641, 578 P.2d 342 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978), we do not stretch the meaning of "use" to include "non-use". The starting point in every case involving construction of a statute is the language itself. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Statutes are to be given effect as written. When free from ambiguity, there is no room for construction. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977). "Use" is

different from "possession". This court has previously noted this distinction with respect to firearms. *See Trujillo; State v. Duran*, 91 N.M. 38, 570 P.2d 39 (Ct.App.), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977), U.S. *cert. denied*, 435 U.S. 972, 98 S.Ct. 1615, 56 L.Ed.2d 65 (1978). The use of a firearm is something beyond mere possession of it. As the California Supreme Court wrote when interpreting the meaning of "use" in part of the California firearm enhancement statute [1]:

By employing the term "uses" instead of "while armed" the Legislature requires something more than merely being armed. . . . [T]he use of a firearm connotes something more than a bare potential for use . . . . .

*People v. Chambers*, 7 Cal.3d 666, 672, 102 Cal.Rptr. 776, 779, 498 P.2d 1024, 1027 (1972). In that case, the court found that the defendant "used" a gun when he pointed it at the victim and demanded money. In the case before us, neither Chouinard nor his co-defendant ever pulled a gun or in any way threatened the police with a firearm.

If the Legislature had intended the firearm enhancement provision to apply whenever a person committing a felony was armed, it would have written such a provision into the statute. Compare the New Mexico armed robbery statute, § 30–16–2, N.M.S.A. (1978) (applicable to anyone who "commits robbery while armed with a deadly weapon"); 18 U.S.C. § 924(c) (1970) (penalty for using or carrying a firearm during the commission of a felony); Cal.Penal Code § 12022(a) (West Cum.Supp.1979) (enhancement for attempt or commission of felony while armed); Mich.Comp.Laws Ann. § 750.277b (Cum.Supp.1979–1980) (carrying a firearm at commission of a felony is in itself a felony).

The state brings three federal cases to our attention: *United States v. Moore*, 580 F.2d 360 (9th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978);

---

1. The court was interpreting Cal.Penal Code § 12022.5 (West 1970) which read: "Any person who uses a firearm in the commission or attempted commission of [certain felonies] . . . shall . . . be punished by imprisonment . . . for . . . not less than five years. . . ."

*United States v. Grant*, 545 F.2d 1309 (2nd Cir. 1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977); *United States v. Brant*, 448 F.Supp. 781 (W.D.Pa. 1978). *Moore* involved a firearm enhancement of an attempted armed robbery. The court held there that the gun in defendant's waistband was "used" as much as the gloves and ski mask he wore in his attempted bank robbery. The court was construing 18 U.S.C. § 924(c)(1) which provides an enhancement for "use" of a firearm in the commission of a federal felony.[2] Since an attempt to commit a bank robbery is such a felony and the gun was an integral part of the attempt, the holding can be rationalized. Our enhancement statute also covers the situation where a firearm was "used" in a felony. However, evidence is lacking in the instant case to permit construction of our statute as was done in *Moore*. There is simply no evidence that either defendant used *or threatened to use* a firearm during the sale negotiations or subsequent arrests. *Brant* was decided under 18 U.S.C. § 924(c) generally.[3] Subsection (2) provides that the *possession* of a firearm during the commission of a felony is punishable by an enhanced sentence. Since the court in *Brant* may have used this subsection as the basis for its decision, the case is inapposite because the New Mexico firearm enhancement statute contains no such provision. In *Grant*, the second circuit interpreted 18 U.S.C. § 924(c)(1)[4] to include the situation where guns were found hidden on the premises where cocaine was sold. We do not find the reasoning of this case compelling, and decline to apply it in reading our statute.

The New Mexico firearm enhancement provision specifically states that it applies when a finding is made that the defendant *used* a firearm in the commission of a noncapital felony. We decline to extend the ordinary meaning of "use" to include mere possession. Since the State does not contend that either defendant ever showed his gun or threatened to use it during the alleged sale of cocaine, the trial court could properly dismiss the count of the indictment charging that a firearm was "used" in the commission of a felony.

The order of the trial court is hereby affirmed.

IT IS SO ORDERED.

SUTIN and WALTERS, JJ., concur.

---

2. See note 3 *infra.*

3. 18 U.S.C. § 924(c) (1970) reads in part:
 (c) Whoever—
 (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

 (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall . . . be sentenced to a term of imprisonment for not less than one year nor more than ten years. . . .

4. *Id.*