659 P.2d 311

**Anna JIRON and Alfred Jiron, her husband, Petitioners,**

v.

**Dr. Benjamin MAHLAB and Medical Emergency Services, Inc., Respondents.**

No. 14566.

Supreme Court of New Mexico.

Feb. 21, 1983.

Walz & Andazola, Ron E. Andazola, Albuquerque, for petitioners.

Alan C. Torgerson, Mark Mowery, Albuquerque, for respondents.

### OPINION

SOSA, Senior Justice.

The narrow issue before this Court on certiorari is whether Section 41–5–15(A) of

the Medical Malpractice Act, §§ 41–5–1 through 41–5–28, N.M.S.A.1978 (Repl.Pamp. 1982), as applied to a plaintiff who filed a suit in district court prior to making application to or receiving a decision by the Medical Review Commission in order to acquire personal jurisdiction over a defendant about to leave the jurisdiction, deprives said plaintiff of his constitutional right of access to the courts. We hold that it does.

Section 41–5–15(A) reads as follows:

A. No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered.

This medical malpractice action was brought by Anna and Alfred Jiron (appellants) against Dr. Benjamin Mahlab and his employer, Medical Emergency Services, Inc. (appellees). Appellants allege that Dr. Mahlab negligently punctured Mrs. Jiron's esophagus, causing her to be hospitalized for a prolonged period. They further allege that appellees damaged Mrs. Jiron's vocal cords and destroyed her ability to speak louder than a whisper.

After the acts which are alleged to constitute malpractice occurred, the Jirons discovered that Dr. Mahlab, a Canadian citizen, was leaving on an extended tour of Southeast Asia with no definite date of return. Dr. Mahlab indicated that he did not know how he could be contacted while on that tour. Because the Jirons anticipated being unable to effect service of process on Dr. Mahlab, they filed suit in Valencia County District Court on May 11, 1982. Appellees were personally served thereafter. In June 1982, the Jirons made application for review by the Medical Review Commission as required by Section 41–5–15. Thus, the malpractice suit was instituted prior to application to or decision by the Medical Review Commission in order to insure the court's personal jurisdiction over Dr. Mahlab.

Appellees moved to dismiss the complaint on the ground that the Jirons had neither sought nor obtained a hearing before the Medical Review Commission prior to filing suit in district court as required by §§ 41–5–15(A). The district court dismissed the action without prejudice for lack of subject matter jurisdiction and held that the application of Section 41–5–15 did not result in a deprivation of due process or a denial of access to the courts. The district court granted leave to file an interlocutory appeal pursuant to Section 39–3–4, N.M.S.A.1978. The Court of Appeals denied the Jirons' application for an order allowing appeal. We granted certiorari and now reverse.

The right of the people to petition the government for a redress of grievances is guaranteed by the First Amendment to the United States Constitution. Both the United States and New Mexico Constitutions prohibit a State from depriving a person of life, liberty, or property without due process of law. U.S.Const. amend. XIV, § 1; N.M. Const., Art. II, § 18.

The right of access to the courts is one aspect of the right to petition. *California Transport v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). A person should not be deprived of the right of access to the courts without due process of law. In *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the United States Supreme Court held that due process prohibits a state from denying, solely because of inability to pay fees and costs, access to its courts to individuals who seek judicial dissolution of their marriages. The Court stated that "[w]ithout this guarantee that one may not be deprived of his rights, neither liberty nor property, without due process of law, the State's monopoly over techniques for binding conflict resolution could hardly be said to be acceptable." *Id.* at 375, 91 S.Ct. at 784. The institution of the Medical Review Commission as a forum for screening medical malpractice claims appears to work well in most instances. Nevertheless, when a statute or rule operates to deprive an individual of a protected right, it may be held constitutionally invalid as applied to that individual. *Id.*

Although the New Mexico courts have not previously dealt with the question raised in the instant case, New Mexico has held that the statute of limitations provision of the Medical Malpractice Act violates neither equal protection nor due process. *Armijo v. Tandysh,* 98 N.M. 181, 646 P.2d 1245 (Ct.App.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 377, 74 L.Ed.2d 510 (1982). The question therefore is whether Section 41–5–15(A), as applied to the Jirons, deprives them of their right of access to the courts.

We recognize that a substantial difference of opinion exists about the issue in this case. *See State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner,* 583 S.W.2d 107 (Mo.1979); *Prendergast v. Nelson,* 199 Neb. 97, 256 N.W.2d 657 (1977).

At least one court which has declared a medical malpractice statute to be unconstitutional has done so because the litigant's right of access to the courts without delay was obstructed by the statute. In *State ex rel. Cardinal Glennon Memorial Hospital for Children, supra,* the Missouri statute required medical malpractice plaintiffs to go before a professional liability review board before filing suit. The court held that "delay, by abridging the right to file suit and have summons issued promptly, necessarily destroyed the remedies which depended on obtaining personal service on defendants." *Id.* at 110 (citing *People ex rel. Christiansen v. Connell,* 2 Ill.2d 332, 118 N.E.2d 262 (1954)). *Cf. Wright v. Central Du Page Hospital Association,* 63 Ill.2d 313, 347 N.E.2d 736 (1976) (medical review panel as a prerequisite to jury trial was an impermissible restriction on the right to trial by jury). We note that in New York, which declared that its statute providing for a medical malpractice panel did not deny the fundamental right of access to the courts, the screening panel is convened after the court proceedings are commenced. *Comiskey v. Arlen,* 55 A.D.2d 304, 390 N.Y.S.2d 122 (App.Div.1976); N.Y.Jud.Law § 148–a(8) (Consol.1976); *see also Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977) (holding constitutional Arizona's statute which requires that upon the filing of a

medical malpractice action, the matter must be referred to a medical liability review panel).

"The requirement that a claimant submit his claim to a panel for decision before filing a civil action can be argued to be an unreasonable limitation on access to courts in violation of due process." Kovnat, MEDICAL MALPRACTICE LEGISLATION IN NEW MEXICO, 7 N.M.L.Rev. 5, 32 (1976–77). *See, e.g., Boddie v. Connecticut, supra; Jones v. Hildebrant,* 191 Colo. 1, 550 P.2d 339 (1976), *cert. dismissed,* 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977), *overruled on other grounds,* 633 P.2d 455, 465 (Colo.1981). We agree with this logic under this set of circumstances. However, the United States Supreme Court did not decide in *Boddie* "that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment." *Boddie, supra,* at 382, 91 S.Ct. at 788. Therefore, we do not hold that Section 41–5–15 deprives all plaintiffs of a constitutional right of access to the courts. But, when a plaintiff is required to resort to a state-created procedure, the procedure must not vitiate his right of access to the courts.

Because the Medical Malpractice Act requires speed and no undue delay, it does not violate a plaintiff's right of access to the courts without undue delay in most circumstances. But where the requirement of first going before the Medical Review Commission causes undue delay prejudicing a plaintiff by the loss of witnesses or parties, the plaintiff is unconstitutionally deprived of his right of access to the courts. In the instant case, the Jirons would be prejudiced by their inability to acquire personal jurisdiction over the defendant, Dr. Mahlab. As a practical matter, service of process on Dr. Mahlab in Southeast Asia would be difficult or impossible to achieve.

We therefore hold that Section 41–5–15(A) of the Medical Malpractice Act as applied to the Jirons, who filed suit before seeking or obtaining review by the Medical Review Commission in order to obtain per-

sonal jurisdiction over the defendant before he left the country, unconstitutionally deprives them of their due process right of access to the courts without delay. This cause is therefore reversed and remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.

RIORDAN and STOWERS, JJ., respectfully dissent.

STOWERS, Justice, and RIORDAN, Justice, dissenting.

We respectfully dissent.

The majority holds that Section 41–5–15(A), N.M.S.A.1978 (Repl.Pamp.1982), as applied to the petitioners "unconstitutionally deprives them of their due process right of access to the courts without delay." The majority states, however, that it does "not hold that Section 41–5–15 deprives *all* plaintiffs of a constitutional right of access to the courts." [Emphasis added.] We find this reasoning untenable. The Legislature's prerogative in the matter of legislation is to be questioned solely from the standpoint of our federal or state constitutional limitations. *See State ex rel. Holmes v. State Board of Finance,* 69 N.M. 430, 367 P.2d 925 (1961). In determining the constitutionality of an act of the Legislature, the presumption is that the Legislature has performed its duty and kept within the bounds fixed by the constitution. *Seidenberg v. New Mexico Board of Medical Examiners,* 80 N.M. 135, 452 P.2d 469 (1969). If the majority feels that the statute is unconstitutional, the appropriate measure would be to say so and allow the Legislature to remedy the problem.

Section 41–5–15(A) states that "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered." We find this language clear and unambiguous. When the meaning of the language employed is plain, it must be given effect. *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977). This principle has been stated many times. *See, e.g., Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980); *Keller v. City of Albuquerque,* 85 N.M. 134, 509 P.2d 1329 (1973); *Fort v. Neal,* 79 N.M. 479, 444 P.2d 990 (1968); *Sunset Package Store, Inc. v. City of Carlsbad,* 79 N.M. 260, 442 P.2d 572 (1968); *State v. Chouinard,* 93 N.M. 634, 603 P.2d 744 (Ct.App.1979); *State v. McHorse,* 85 N.M. 753, 517 P.2d 75 (Ct. App.1973); *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.), *cert. denied* (1967).

The plain meaning of the statute cannot be ignored to avoid a harsh result. *See Noriega v. City of Albuquerque,* 86 N.M. 294, 523 P.2d 29 (Ct.App.), *cert. denied,* 86 N.M. 281, 523 P.2d 16 (1974). If the law is to be changed, it is a matter for the Legislature. It is fundamental that this Court does not sit to substitute its judgment for that of the Legislature. *Village of Deming v. Hosdreg Co.,* 62 N.M. 18, 303 P.2d 920 (1956). The courts must construe statutes as they exist. *Bolles v. Smith,* 92 N.M. 524, 591 P.2d 278 (1979).

In addition, we think it significant to point out that Section 38–1–16 "Personal service of process outside state," provides a method of service for any cause of action arising from Section 38–1–16(A)(3) "the commission of a tortious act within this state." Section (B) further provides that:

Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by personally serving the summons upon the defendant outside this state and such service has the same force and effect as though service had been personally made within this state.

We find that the district court correctly applied the law, and we would therefore affirm.