**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFONSO THOMPSON,

    Defendant - Appellant.

No. 17-2011
(D.C. Nos. 1:16-CV-00713-LH-CG and
1:12-CR-03013-LH-1)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

    Alfonso Thompson seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2255 motion.  He claims that his sentence,

imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is

unconstitutional in light of the Supreme Court's invalidation of ACCA's residual clause.

See Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).  We deny a COA and

dismiss the appeal.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I

In 2014, Thompson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced under ACCA, which requires a minimum fifteen-year sentence for a defendant who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." § 924(e)(1). Thompson had two convictions for attempted first-degree murder, each with a firearm enhancement, and a conviction for attempted aggravated battery against a household member with a deadly weapon.

ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). In Johnson, the Supreme Court invalidated the third portion of this definition—known as the residual clause—as unconstitutionally vague, but left the remaining clauses untouched. 135 S. Ct. at 2557, 2563.

After the Supreme Court made Johnson retroactive to cases on collateral review, see Welch v. United States, 136 S. Ct. 1257, 1265 (2016), Thompson timely filed a § 2255 motion to vacate his sentence. In his motion, he argued that neither of his convictions for attempted first-degree murder qualified as a "violent felony." A magistrate judge recommended that the district court deny Thompson's motion and

refuse a COA. After considering Thompson's objections, the district court adopted the magistrate judge's recommendation.

## II

To obtain a COA from this court, Thompson must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quotation omitted). We decide whether Thompson has made this showing by "a preliminary, though not definitive, consideration" of the merits of the issues on which he seeks a COA. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).[1]

## A

Both of Thompson's prior convictions for attempted first-degree murder with a firearm enhancement are based on N.M. Stat. § 30-2-1(A) (first-degree murder),

---

[1] "[R]elief under Johnson is only available if [the defendant's] enhanced sentence is supported, at least in part, by the now-unconstitutional residual clause of the ACCA." United States v. Pam, 867 F.3d 1191, 1203 (10th Cir. 2017). Thompson correctly notes that it is unclear from the record whether the sentencing court relied on the residual clause in enhancing his sentence under ACCA. In this circumstance, we have recognized that the "relevant background legal environment at the time of sentencing" can sometimes help us determine "that a sentencing court did not rely on the residual clause." United States v. Snyder, 871 F.3d 1122, 1129 (10th Cir. 2017) (quotation omitted). We have yet to decide whether uncertainty that cannot be resolved in this or some other manner is sufficient to establish constitutional error under Johnson. See Pam, 867 F.3d at 1199 n.6. For purposes of determining whether to grant Thompson a COA, we need not address this question, and will instead assume that the district court relied at least in part on the residual clause in sentencing Thompson.

§ 30-28-1 (attempt to commit a felony), and § 31-18-16 (use of a firearm). The district court found, and Thompson does not dispute here, that he was convicted in both cases of attempted willful, deliberate, and premeditated killing as defined in § 30-2-1(A)(1).[2] The firearm enhancement for this offense indicates that the jury separately found "that a firearm was used" in its commission.[3] § 31-18-16(A).

The question before us is whether reasonable jurists could debate that attempted first-degree murder with a firearm under New Mexico law is a violent felony within the meaning of ACCA's elements clause, which includes any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). We employ the "categorical approach," which requires us to examine only the elements of the crime of conviction, not the particular facts. See United States v. Harris, 844 F.3d 1260,

---

[2] New Mexico's murder statute is divisible, in that it recognizes two other forms of first-degree murder—felony murder and "depraved mind" murder. See N.M. Stat. § 30-2-1(A)(2), (A)(3). Attempted first-degree murder, however, can be based on only willful, deliberate, and premeditated murder, see § 30-2-1(A)(1), because the state does not recognize attempted felony murder or attempted depraved-mind murder. See State v. Price, 726 P.2d 857, 860 (N.M. Ct. App. 1986) (refusing "to accept attempted felony murder as a crime"); State v. Johnson, 707 P.2d 1174, 1177 (N.M. Ct. App. 1985) (holding that attempted depraved-mind murder is a "logical impossibility").

[3] "Use" in this context means that the firearm was employed in the commission of the felony, not that it was merely in the possession of the defendant at that time. See State v. Chouinard, 603 P.2d 744, 746 (N.M. Ct. App. 1979); see also United States v. Maldonado-Palma, 839 F.3d 1244, 1250 (10th Cir. 2016) (finding that "use" of a deadly weapon under New Mexico law, in accordance with the ordinary meaning of the word, requires that the weapon was employed in committing the offense), cert. denied, 137 S. Ct. 1214 (2017).

4

1263 (10th Cir. 2017).  We look to New Mexico law to define the elements of the offense.  Id. at 1263-64.

Under N.M. Stat. § 30-28-1, an attempt to commit a felony "consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission."  The New Mexico Court of Appeals has stated that "slight acts in furtherance of [the] intent [to commit the crime] will constitute an attempt." State v. Trejo, 494 P.2d 173, 174 (N.M. Ct. App. 1972).  Thompson argues, based on this language, that attempt crimes in New Mexico cannot qualify as a violent felony because the state allows conviction for taking steps in preparation for the crime that need not involve "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

If New Mexico law allowed felony attempt convictions for preparatory or other attenuated steps, Thompson's contention might be debatable.  See Montoya v. United States, No. 1:16-cv-00084-TC, 2016 WL 6810727, at *7 (D. Utah Nov. 17, 2016) (holding that Utah's attempted murder statute does not require proof of force as an element because it allows conviction for preparatory steps); United States v. Rucker, No. 16-cv-01148-PAB, 2017 WL 1246465, at *3 (D. Colo. Apr. 5, 2017) (holding that an attempted assault conviction did not qualify as a violent felony under the elements clause because Colorado law allowed conviction based on preparatory activities); cf. United States v. Fell, 511 F.3d 1035, 1038-41 (10th Cir. 2007) (discussing precedent holding that attempt crimes do not qualify as violent felonies under the residual clause because relevant state law permitted conviction based on

5

preparatory conduct or "any act" directed at the commission of the substantive crime). Reasonable jurists would agree, however, that this is not the law in New Mexico.

In the same decision cited by Thompson regarding "slight acts" sufficing to prove attempt, the New Mexico court expressly stated that the "overt act" required "must be more than preparation; it must be in part execution of the intent to commit the crime." Trejo, 494 P.2d at 174. In another case, the New Mexico Court of Appeals further explained that the overt act

> must not be merely preparatory, and it need not be the last proximate act to the consummation of the offense attempted to be perpetrated. However, it must approach sufficiently near to it to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparation or solicitation is made.

State v. Stettheimer, 607 P.2d 1167, 1171-72 (N.M. Ct. App. 1980) (quotation omitted). Thus, in order to support an attempt conviction under New Mexico law, "slight acts" will suffice only if they are in a direct movement towards the commission of the felony offense. See id. New Mexico's uniform jury instructions indicate that the defendant must have "beg[u]n to do an act which constituted a substantial part of the [crime]." N.M. R. Ann., Crim. Unif. Jury Instr. 14-2801 (2017).

Adding in the firearms enhancement, Thompson's attempted murder convictions required that he began to do an action, using a firearm, that is a substantial part of the crime of deliberately killing another person. See id. 14-2801, 14-201; N.M. Stat. § 31-18-16(A). In United States v. Maldonado-Palma, 839 F.3d 1244 (10th Cir. 2016), cert. denied, 137 S. Ct. 1214 (2017), we held that

6

"[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force, i.e., force capable of causing physical pain or injury to another person." Id. at 1250 (quotation omitted). Reasonable jurists would agree that using a firearm in an act that is a substantial part of the crime of deliberately killing another also at least threatens the use of physical force.

**B**

Thompson's conviction for attempted aggravated battery on a household member with a deadly weapon is based on N.M. Stat. § 30-3-16(C) (aggravated battery on a household member) and § 30-28-1 (attempt to commit a felony). In his application for COA, filed by newly appointed counsel, Thompson argues that this conviction does not qualify as a violent felony under ACCA. Thompson did not make this argument in the district court.

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120, (1976). Although we have discretion to depart from this rule, we exercise that discretion "only in the most unusual circumstances," such as "where the proper resolution [of the issue] is beyond any doubt" or where "injustice might otherwise result." Lyons v. Jefferson Bank & Tr., 994 F.2d 716, 721 (10th Cir. 1993) (quotation omitted). We are not persuaded such circumstances exist here.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge