UNAUTHORIZED PRACTICE OF LAW COMMITTEE OF the SUPREME COURT OF COLORADO, Petitioner,

v.

Richard O. GRIMES, Respondent.

No. 82SA94.

Supreme Court of Colorado,
En Banc.

March 28, 1988.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for petitioner.

Richard O. Grimes, pro se.

PER CURIAM.

This case is a sequel to our 1982 decision in *Unauthorized Practice of Law Committee v. Grimes*, 654 P.2d 822 (Colo.1982). In 1987 we issued rules to show cause why the respondent, Richard O. Grimes, should not be held in contempt for engaging in the unauthorized practice of law in violation of this court's prior orders enjoining him from such conduct. After Grimes filed a response to the show cause orders, the case was referred to a hearing master pursuant to C.R.C.P. 238(d). The hearing master has filed findings, conclusions, and a recommendation with respect to Grimes' alleged contemptuous conduct. We now adopt the findings, conclusions, and recommendation of the hearing master and discharge the rules to show cause subject to the conditions contained in this opinion.

On November 29, 1982, we issued a decision adjudicating Grimes in contempt of court and permanently enjoined him from continuing to engage in the unauthorized practice of law. Our decision was based on the fact that Grimes, although never having been admitted or registered to practice law in this state, "accepted fees and prepared legal motions, notices, and other memoranda for various individuals and also advised members of the public as to what he thought their legal rights and obligations were." *Grimes*, 654 P.2d at 825. We imposed a fine on Grimes in the amount of $500, ordered him to pay costs of $901.87, and sentenced him to six months in the county jail with all but 90 days suspended on the condition that he not practice law or perform any services constituting the practice of law. Shortly after the issuance of our decision, Grimes and the Disciplinary Prosecutor filed a joint motion requesting that we order Grimes' immediate release from jail subject to Grimes' compliance with various conditions calculated to ensure that he would not further engage in the unauthorized practice of law. On December 23, 1982, we ordered that Grimes be released from confinement subject to the following conditions, all of which were agreed to by Grimes and the Disciplinary Prosecutor in their joint motion:

1. That the respondent is granted credit against the ninety-day jail sentence imposed and against the total confinement ordered and the remainder of the sentence is suspended on the condi-

tion that the respondent not engage in the practice of law or violate the restraining order and injunction issued by this Court on November 29, 1982.

2. That respondent pay the fine of $500 and costs in the amount of $901.87 within six months from November 29, 1982.

3. That any forms sold by the respondent will be approved by the disciplinary prosecutors in writing before the forms are offered for sale or filled in by the respondent.

4. That respondent will provide the disciplinary prosecutors with the names, addresses, and telephone numbers of all persons who purchased his forms on the first day of each month for a period of two years commencing on January 1, 1983, together with all forms filled in by the respondent.

a. That respondent will not as a scrivener advise any person as to the manner in which the forms he sells should be completed.

5. That the respondent will provide the disciplinary prosecutors with all newspaper advertising subscribed to by the respondent on the first day of each month for a period of two years from and after January 1, 1983.

a. That respondent will revise his advertisements to reflect that he is only selling forms.

6. That the suspension of the remainder of the jail sentence imposed upon the respondent is conditioned upon the faithful performance of the conditions set forth in this order and the violation of any one of the conditions will result in the respondent serving the remainder of the sentence upon the presentation of proof by the disciplinary prosecutors that the terms of this order have been violated.

On February 10, 1987, the Disciplinary Prosecutor, on behalf of the Unauthorized Practice of Law Committee, petitioned this court to issue a citation ordering Grimes to show cause why he should not be held in contempt and be subject to fine or imprisonment, or both, for violating this court's previous orders enjoining him from engaging in the unauthorized practice of law. The petition alleged, in pertinent part, as follows:

Two dissolution matters came on before Referee David R. Costello, Jr., on July 16, 1986: *Bracken and Bracken,* Case No. 86DR1469, Denver District Court; and *Dabreau and Dabreau,* Case No. 86DR1311, Denver District Court. In the Dabreau case, respondent [Grimes] determined that the parties should be designated co-petitioners based on information he gained from Mr. and Mrs. Dabreau. [Grimes] charged $300 for each case and furnished the parties dissolution forms which he purchased at Bradford Publishing Company. One of the parties in each case knew of the date of the hearing and appeared that day. Referee Costello, however, found insufficient and improper notice to the second parties in each case and vacated the hearings. Subsequently, in each case, [Grimes] prepared, signed, filed, and mailed notices, including notices to set and notices of hearing. To date, neither case is set for hearing, and in both cases the interests of a minor child are involved. Three of the four parties are now living out of state, and it seems unlikely that these cases will proceed to final disposition, except at considerable expense to the parties should they choose to return to Colorado to finalize these proceedings.

Subsequent to the issuance of that citation, the Disciplinary Prosecutor filed another petition for a contempt citation predicated on the following allegations:

Respondent [Grimes] as scrivener in a dissolution of marriage proceeding, prepared, notarized, and filed forms on behalf of both parties, Donald Dean Rhea, petitioner, and Jacqueline Sue Rhea, co-petitioner, *In re the Marriage of Donald Dean Rhea and Jacqueline Susan Rhea,* 85DR4986, Denver District Court.

On or about November 21, 1985, [Grimes] filed a one-page letter addressed "To Whom It May Concern" advocating custody of the minor child of

the parties be awarded to the petitioner, Donald Dean Rhea. By filing the letter, [Grimes] became a representative and asserted a position on behalf of Mr. Rhea. Further, Mr. Rhea did not request custody of the minor child.

We issued citations ordering Grimes to show cause why he should not be held in contempt and punished accordingly, and we ordered both citations consolidated and referred the matter to a hearing master.

The hearing master met with Grimes and the Disciplinary Prosecutor on June 15, 1987. Subsequent to that meeting, Grimes and the Disciplinary Prosecutor entered into the following stipulated agreement: that Grimes shall not instruct or advise another in regard to any applicable law or legal procedures on any matter or otherwise provide any advice to others as to how they may properly pursue their legal affairs or inform others as to their legal rights or obligations; that Grimes shall not prepare any document for others which would require familiarity with legal principles; that Grimes shall not prepare for others, for filing, applications, pleadings, or other documents which require legal knowledge and technique in their application; that if Grimes is asked to fill in the blanks of the forms he sells, he shall act solely and strictly as a scrivener and shall in no way recommend or suggest to a person using this service what information should be placed in the blanks; and that Grimes shall not appear for another before any tribunal in any proceedings.

Based on the stipulated agreement, the hearing master on July 17, 1987, entered written findings of fact, conclusions, and a recommendation. The hearing master's findings were as follows: that Grimes is not and never has been registered to practice law in the state of Colorado; that he was permanently enjoined from engaging in the practice of law by the Colorado Supreme Court on November 29, 1982, and that a supplemental order was issued on December 23, 1982; that in July 1986, in the *Bracken* and *Dabreau* cases, Grimes prepared, signed, mailed, and filed notices to set and notices of hearing on behalf of the parties; that in the *Dabreau* case,

Grimes determined that the parties should be designated as "co-petitioners" based on information provided to him by the Dabreaus and so designated them on the initial pleadings filed with the district court; that in November 1985, in the *Rhea* case, Grimes filed a letter with the Denver District Court advocating the position that custody should be given to the father, but that neither of the parties nor any attorney on their behalf had requested him to do so; that Grimes' actions did not harm any of the parties in those cases; that Grimes made every attempt to abide by the previous orders of this court; and that Grimes did not knowingly violate this court's orders in the matters before the hearing master.

Based on these findings, the hearing master concluded that Grimes' conduct in the *Bracken, Dabreau,* and *Rhea* cases constituted the practice of law, but that Grimes neither knew nor understood that these actions amounted to the practice of law at the time he engaged in the conduct in question, and further that he did not willfully violate or disobey the previous orders of this court. The hearing master recommended that we not adjudicate Grimes in contempt of court, but rather issue a further order clarifying our previous orders by setting forth the conditions which Grimes and the Disciplinary Prosecutor submitted to the hearing master.

We now adopt the findings, conclusions, and recommendation of the hearing master. We accordingly supplement our previous orders entered on November 29 and December 23, 1982, with the following orders:

(1) Grimes shall not instruct or advise any other person or entity in regard to any applicable law or legal procedures on any matter, or otherwise provide any advice to any other person or entity as to how that other person or entity may properly pursue his, her, or its legal affairs, or inform any other person or entity as to his, her, or its legal rights or obligations.

(2) Grimes shall not prepare any document for any other person or entity which

would require familiarity with legal principles.

(3) Grimes shall not prepare for any other person or entity, for filing, applications, pleadings, or other documents which require legal knowledge and technique in their application.

(4) If Grimes is asked to fill in the blanks of the forms sold by him, he shall act solely and strictly as a scrivener and shall in no way recommend or suggest to persons or entities using this service what information should be placed in the blanks.

(5) Grimes shall not appear on behalf of any other person or entity in any proceedings before any tribunal.

(6) Grimes shall comply in all respects with all previous orders of this court.

The rules to show cause are accordingly discharged subject to the above orders.