This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                 **No. 35,485**

**DAVID ABEYTA**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant David Abeyta appeals from the district court's order denying his request for presentence confinement credit, entered on February 18, 2016. [RP 72; *see also* DS 2] In this Court's notice of proposed disposition, we proposed to summarily affirm, based on Defendant's argument that he is entitled to presentence confinement credit for time when he was being erroneously held by the Metropolitan Detention Center (MDC) due to a delay in processing a *nolle prosequi*, because there did not appear to be any evidence that Defendant was actually serving any incarceration or confinement due to the delay in the processing of the *nolle prosequi* since he was, instead, serving time on a different, unrelated charge. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In his memorandum in opposition, regarding his argument pertaining to the delayed processing of the *nolle prosequi*, Defendant raises no new evidence, facts, arguments, or issues that are not otherwise addressed by this Court's notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d

1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis in our notice of proposed disposition. [*See* CN 3–6]

{3}     Instead, Defendant argues that he should be entitled to credit for the time when he was held in MDC between when he was arraigned on September 2, 2014 until he posted bond on November 11, 2014. [*See* MIO 1–3] We have reviewed the record, and it appears that Defendant was, in fact, given credit for such time. In the State's response to Defendant's motion to award presentence confinement time, the State contends that Defendant was entitled to the time from March 2, 2014 through April 16, 2014 for being in custody on the charges in the present case until the *nolle prosequi* was filed by the State in the metropolitan case; from September 2, 2014 through November 11, 2014 for the time between his arraignment and when he posted bond; and from October 29, 2015 to December 22, 2015 for time when he was incarcerated for the charge. [RP 65 (¶ 1); *see also* RP 39] The State concluded that the total for all of that time is 169 days. [RP 66 (¶ 2)] Although the district court denied Defendant's request for presentence confinement based on his argument regarding the

delayed processing of the *nolle prosequi* [RP 72], in its judgment and sentence [RP 74], the district court awarded Defendant 169 days of presentence confinement credit [RP 78]. Thus, with regard to Defendant's request in his memorandum in opposition that he be awarded presentence confinement credit for the time from arraignment through the time when he posted bond [*see* MIO 4], such request has already been granted.

{4}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**STEPHEN G. FRENCH, Judge**