This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36790**

**JOSE EDDIE SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Jose Eddie Sanchez appeals from his conviction, after a jury trial, of

aggravated battery (great bodily harm), contrary to NMSA 1978, Section 30-3-5(C)

(1969). Although Defendant was also convicted of robbery and harassment, he only disputes the "great bodily harm" aspect of the aggravated battery conviction on appeal. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2} Defendant continues to argue that the district court should have dismissed the aggravated battery conviction because, although the State introduced sufficient evidence to support a battery conviction, there was insufficient evidence of great bodily harm. However, Defendant has not presented any new facts, authority, or argument that persuade this Court that our notice of proposed disposition was incorrect. [*See* MIO 2-14] Indeed, notwithstanding his insistence that Victim's being airlifted to another hospital and spending a week in the intensive care unit does not necessarily mean that his injuries were such that there was a high probability of death or permanent or prolonged impairment of the use of any member or organ of the body, and his contention that the jury could have found that the injury was merely a painful, temporary disfigurement, we reiterate and conclude that the evidence presented was sufficient to support the jury's findings and verdict. [*See* CN 1-7; MIO 7-14; *see also* MIO 2-5] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the

burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice "must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Moreover, we reiterate that the jury was free to reject Defendant's version of the facts, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony, and we do not re-weigh the evidence or substitute our judgment for that of the jury, as long as there is sufficient evidence to support the verdict. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{5}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

3

**M. MONICA ZAMORA, Judge**

_____

**DANIEL J. GALLEGOS, Judge**