1997-NMCA-112

948 P.2d 707

**Alex CHISHOLM, Plaintiff–Appellant,**

v.

**Michael RUECKHAUS and the New Mexico Medical Review Commission, Defendants–Appellees.**

**No. 17444.**

Court of Appeals of New Mexico.

Oct. 10, 1997.

Alex Chisholm, Pro Se.

J.E. Casados, Robert L. Hlady, Gallagher, Casados & Mann, P.C., Albuquerque, for Defendants–Appellees.

## OPINION

FLORES, Judge.

1. Plaintiff, a non-attorney, appeals from a district court decision denying him declaratory judgment on the question of whether he was required to be represented by counsel to appear before the New Mexico Medical Review Commission screening panel (the Panel) in bringing a medical malpractice action pro se on behalf of his minor child. We affirm in part, reverse in part, and remand to the district court with instructions to appoint an attorney or attorney guardian ad litem to represent the child's interest in the proceeding still pending before the Panel and, if necessary, in the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiff sought to bring a medical malpractice action, pro se, against certain health care providers involved in the delivery of his minor child whom Plaintiff alleges suffered injuries when born prematurely. Pursuant to the Medical Malpractice Act, NMSA 1978 §§ 41-5-1 to -29 (1976, as amended through 1992) (the Act), Plaintiff submitted a written application to the Panel on December 28, 1992, a few days before the statute of limitations on his son's claim expired. See § 41-5-13 (statute of limitations for medical malpractice actions under the Act); see also § 41-5-22 (filing application with the Panel tolls the statute of limitations for a medical malpractice claim). The acting director of the Panel responded in writing that the Act and the Panel's rules required that an attorney enter an appearance on Plaintiff's behalf, and instructed Plaintiff to obtain counsel. After some correspondence between Plaintiff and the Panel, Plaintiff filed suit in district court seeking a declaratory judgment that the Panel's interpretation of the Act to require attorney representation was unconstitutional.

3. The Panel moved to dismiss on the basis that Plaintiff was practicing law without a license. The district court denied the motion, reasoning that Rule 1-017(C), NMRA 1997, which provides that a representative may sue or defend on behalf of a child or one otherwise legally incompetent to bring suit in his or her own name, amounts to "an exception to the general rule that a non-attorney cannot represent someone other than himself." The Panel renewed its claim that Plaintiff was practicing law without a license in its answer. In August 1995, the district court issued a letter-decision denying Plaintiff's complaint for declaratory judgment. The district court issued findings of fact and conclusions of law, and concluded that Plaintiff's representation of his minor child did not constitute the unauthorized practice of law. It also concluded that the Panel's interpretation of the Act did not deny Plaintiff access to the courts, even though the Act elsewhere requires that a potential plaintiff undergo a Panel hearing before he or she pursues a right of action in district court. See § 41-5-15(A). The district court reasoned that according to Otero v. Zouhar, 102 N.M. 482, 697 P.2d 482 (1985), overruled in part on other grounds by Grantland v. Lea Reg'l Hosp., Inc., 110 N.M. 378, 380, 796 P.2d 599, 601 (1990), and Jiron v. Mahlab, 99 N.M. 425, 659 P.2d 311 (1983), this statutory provision was subject to "waiver in order that medical malpractice plaintiffs are not deprived of access to Court." Therefore, the

district court reasoned, the attorney requirement did not preclude Plaintiff from attempting to file a malpractice action in district court and Plaintiff's claim was "premature." Plaintiff appeals.

## II. ANALYSIS

### A. Plaintiff Practicing Law Without a License

#### 1. District Court Erred

■ 4. The district court erred in holding that a rule of civil procedure allowing a child's representative to sue or defend on the child's behalf constitutes an exception to the general prohibition against unauthorized practice of law. *See* Rule 1–017(C). Rule 1–017 sets out who may be a *party* to a lawsuit, and subsection (C) of the rule provides that "[w]hen an infant or incompetent person has a representative, . . . the representative may sue or defend on behalf of the infant or incompetent person."

■ 5. NMSA 1978, § 36–2–27 (1957) proscribes who may practice law on behalf of another, providing in relevant part:

No person shall practice law in any of the courts of this state, . . . nor shall any person commence, conduct or defend any action or proceeding in any of said courts unless he [or she] . . . shall have been granted a certificate of admission to the bar under the provisions of this chapter.

The authority to represent another as a party does not equal the authority to practice law on their behalf. *See, e.g., DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir.1966) (despite fact that corporate officers are by law the agents representing the corporation, a corporation can appear in court only by an attorney at law); *Christiansen v. Melinda*, 857 P.2d 345, 347–349 (Alaska 1993) (rejecting the argument that because a durable power of attorney allows the agent to act as the principal, and the principal would be able to proceed to court pro se, therefore the agent with a power of attorney can litigate pro se for the principal). It follows that Rule 1–017(C) has no effect on the regulation of the practice of law, *see generally Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Supp. 168, 170–71 & n. 9 (E.D.Va.1994) (discussing distinction between issue presented by F.R.Civ.P. 17(c)—who can sue and be sued—and the issue presented when a non-attorney parent acts as his daughter's lawyer). This rule simply allows Plaintiff to be a party to his child's suit by representing his child's interests by controlling litigation *in the role of client. See Christiansen*, 857 P.2d at 349 (statute allowing power of attorney is limited by prohibition on unauthorized practice of law, and therefore power of attorney best characterized as the power to act as client in attorney-client relationship); *J.W. v. Superior Court*, 17 Cal.App.4th 958, 22 Cal.Rptr.2d 527, 529–33 (Ct.App.1993) (non-attorney mother can represent herself and act as guardian ad litem for her minor child in paternity action under the rules of civil procedure, but she cannot represent her minor child as an attorney because that would violate the prohibition against unauthorized practice of law).

#### 2. Non-attorney Parent Must Be Represented by Counsel

■ 6. We join an overwhelming majority of jurisdictions and hold that a non-attorney parent must be represented by counsel in bringing an action on behalf of a child. *See In re Schmidt*, 122 N.M. 770, 773, 931 P.2d 1386, 1389 (1997) (per curiam) ("Only two types of legal representation are recognized—litigants appearing pro se or those appearing through licensed counsel of record. They may not appear though unlicensed laymen, not even their parents[.] "); *see also Osei–Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882–884 (3rd Cir.1991) (Plaintiff was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court medical malpractice action); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) (under F.R.Civ.P. 17(c), a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney). Therefore, Plaintiff in this case cannot proceed before the Panel without obtaining legal representation for his child's interests, not necessarily because the Act prohibits pro se representation, but because Plaintiff here is not acting pro se—he

is representing the interests of his minor child, the real party in interest.

### 3. Plaintiff in This Case Was Practicing Law

■ 7. In the district court and before the Panel, Plaintiff functioned as his child's legal representative, which amounted to the practice of law. The fact that the proceeding before the screening Panel was not, strictly speaking, a court appearance does not mean that Plaintiff escapes this rule. New Mexico courts have consistently declined to formulate a general rule for what constitutes the practice of law, *see State v. Edwards*, 102 N.M. 413, 416, 696 P.2d 1006, 1009 (Ct.App. 1984), and have instead applied a functional analysis of the actions of the advocate in each particular case, *see State Bar v. Guardian Abstract & Title Co.*, 91 N.M. 434, 439, 575 P.2d 943, 948 (1978). In this case, the language of the Act itself at least contemplates that an attorney will be appearing before the Panel on behalf of a potential plaintiff.[1] *See, e.g.*, § 41–5–14(D) ("An attorney shall submit a case for the consideration of panel, prior to filing a complaint in any district court ... by addressing an application, in writing, signed by the patient or his attorney, to the director....."); Section 41–5–19(A) ("At the time set for hearing, the attorney submitting the case for review shall be present and shall make a brief introduction of his case[.]").

■ 8. Plaintiff purports throughout these proceedings to represent his minor child, "pro se." Representing one's self in a legal proceeding does not constitute "the practice of law." *United States v. Martinez*, 101 N.M. 423, 423, 684 P.2d 509, 509 (1984). Representing another, however, does. *Id.* ("The practice of law is usually interpreted to entail the representation of others.") *State ex rel. Norvell v. Credit Bureau*, 85 N.M. 521, 526, 514 P.2d 40, 45 (1973) (indicating that "representation of parties before judicial or administrative bodies" or "giving legal advice and counsel" would constitute the

practice of law). Finally, the screening Panel proceeding itself is closely tied to a plaintiff's action in district court. *See* § 41–5–15(A) ("No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered."); *Perez v. Brubaker*, 99 N.M. 529, 531, 660 P.2d 619, 621 (Ct.App.1983) (panel review a "jurisdictional prerequisite" of filing suit in district court). In two cases, our Supreme Court recognized that the screening panel requirement in the Act was closely related to a potential plaintiff's access to the courts. *Otero*, 102 N.M. at 485–86, 697 P.2d at 485–86 (strict application of the panel review prerequisite recognized in *Perez* unconstitutionally infringes on the plaintiff's access to the courts); *Jiron*, 99 N.M. at 427, 659 P.2d at 313 (Medical Malpractice Act panel review requirement does not violate a plaintiff's right to access to the courts in every case, but where there is undue delay, the plaintiff may be unconstitutionally deprived that right). Regardless of whether Plaintiff would be allowed to pursue his own claim pro se before the Panel, Plaintiff in this case was functioning as his minor child's attorney by representing his minor child.[2]

9. We conclude the district court erred by holding that Plaintiff was not practicing law without a license. We further conclude that Plaintiff was not functioning pro se, as he argues. Instead, he was representing his minor child in a legal capacity and engaged in the practice of law without a license. That he cannot do, either in district court or before the Panel.

### B. Access to the Courts and Best Interest of the Child

10. Having held that Plaintiff is not entitled to bring this suit because he cannot legally represent his minor son as an attorney, we remain cognizant of Plaintiff's concern for access to the courts. Broadly speaking, Plaintiff's claim could be read to advance the argument that the Act should

---

1. We make no decision in this case that this language in the Act mandates that a pro se plaintiff, bringing his or her own case, be represented by an attorney, or that any such requirement meets state constitutional muster.

2. We make no decision as to whether Plaintiff would be allowed to bring his own malpractice claim pro se.

not be interpreted to require attorney representation before the Panel because that requirement, read together with the Act's Section 15 provision mandating a resolution by the Panel before a potential plaintiff is entitled to file in district court, functions to deny Plaintiff (as a pro se party) access to the courts to make malpractice claims against qualified health care providers. Transferring that concern to the minor child, the real party in interest, we rely on the courts' flexible approach to interpreting the Act with an eye toward avoiding procedures that might impair access to the courts, together with the courts' longstanding duty and authority to protect the best interests of a child, in remanding this case to the district court for appointment of an attorney or attorney guardian ad litem to prosecute the minor child's claim.

### 1. Flexible Approach to Act to Preserve Access to the Courts

■ 11. We do not agree with the district court's reasoning, basing denial of Plaintiff's claim on *Otero* and *Jiron.*[3] Instead, we read *Jiron* and the treatment of *Jiron* in *Otero* to stand for the proposition that the courts will flexibly apply procedures under the Act to avoid implicating an individual's access to the courts. In *Otero,* 102 N.M. at 484, 697 P.2d at 484, the plaintiff filed a malpractice complaint in district court against several medical providers four days before the expiration of the statute of limitations, then three days later mailed the screening panel an application to have it hear the case against one of the same providers. That defendant argued that the district court case should be dismissed based on the requirement in Section 15 of the Act that the screening panel make a ruling before filing of a district court complaint. *Id.* Our Supreme Court decided that the district court *could* have dismissed the claim against the covered provider without prejudice, and left plaintiff free to re-file within thirty days of the screening panel's decision. But our Supreme Court also held that what the trial court *did* do—stay proceedings—was appropriate, both because it had the same effect on the parties, and because strictly applying the procedure of the Act and ordering dismissal on appeal would "void the complaint filed and thus circumvent the tolling provision of the Act." *Id.* at 485, 697 P.2d at 485. The court in *Otero* concluded, "Plaintiffs should not be denied their day in court because of incorrect rulings and attendant delays incurred by appellate procedures." *Id.* Likewise in *Jiron,* 99 N.M. at 426, 659 P.2d at 312, the plaintiffs initiated a malpractice suit in district court before application to or decision by the Panel because they anticipated being unable to later effect service of process on the defendant doctor. Our Supreme Court reversed the district court's dismissal of the plaintiffs' claim, holding that, on those specific facts, the Panel review requirement in the Act prejudiced plaintiffs and implicated their constitutional right to access to the courts. *Id.* at 427, 659 P.2d at 313. In both *Otero* and *Jiron,* the courts were flexible in allowing the plaintiffs' claims to proceed despite procedural irregularities for fear that plaintiffs' procedural bind would unconstitutionally deny them their day in court. *See also* Jean A. Macchiaroli, *Medical Malpractice Screening Panels: Proposed Model Legislation to Cure Judicial Ills,* 58 Geo.Wash.L.Rev. 181, 209 (1990) ("The effect of *Jiron* essentially was to invalidate the [Act] as it applied to plaintiffs faced with a substantial hardship in complying with the screening panel requirement."). In this case, likewise, "unbending adherence" to the requirements of the Act and the laws proscribing practice of law would likely eliminate the minor child's right of action, because the statute of limitations has run. *See Otero,* 102 N.M. at 485, 697 P.2d at 485. Therefore, instead of simply affirming the trial court as right for the wrong reasons, we remand.

### 2. Duty and Authority of Courts to Protect Minor Child's Interests

■ 12. The courts in New Mexico have "a strong tradition of protecting a

---

**3.** We also do not affirm the trial court's findings and conclusions to the effect that the Panel's integrity and existence are threatened by pro se representation. Our decision requiring the mi- nor child to obtain counsel is based solely on our concern that, as a minor child, he be legally represented.

child's best interests." *In re Adoption of Francisco A.,* 116 N.M. 708, 713, 866 P.2d 1175, 1180 (Ct.App.1993). "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in 'best interests of the children.'" *Sanders v. Rosenberg,* 1997 NMSC 002, ¶ 10, 122 N.M. 692, 930 P.2d 1144 (1996). In fact, courts have a duty to assure that the interests of a child are legally represented. *See Wasson v. Wasson,* 92 N.M. 162, 163, 584 P.2d 713, 714 (Ct.App.1978) (In proceeding brought by mother on behalf of minor children, "an attorney is required for an infant not otherwise represented" and "it would have been plain error for the court to proceed in the absence of counsel for the children."); *see also Garcia v. Middle Rio Grande Conservancy Dist.,* 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct.App.1983) ("A trial court in an action involving minor children has a special obligation to see that they are properly represented[.]"), *overruled on other grounds by Montoya v. AKAL Sec., Inc.,* 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

13. Recently our Supreme Court in *Sanders,* 1997 NMSC 002 ¶ 9, 122 N.M. 692, 930 P.2d 1144, held that the court's broad discretion to rule in the best interests of the child includes the authority to disqualify a party's chosen counsel. In *Sanders* the trial court disqualified the attorney for the wife/mother in the ongoing custody proceedings following a divorce. *Id.* at ¶ 4. That attorney was the mother's new husband. *Id.* at ¶ 2. The trial court did not find that the attorney had violated any rule or that he had a conflict of interest under the attorney's code of professional conduct, *see* Rule 16–107, NMRA 1997, but based the disqualification solely on the best interests of the minor children. *Sanders,* 1997 NMSC 002, ¶¶ 9–10, 122 N.M. 692, 930 P.2d 1144. Our Supreme Court noted that the mother had a right to be represented by counsel of her own choosing, but nonetheless upheld the trial court disqualification because "the 'best interests of the children' rule constitutes a compelling reason sufficient to deny the mother her counsel of choice." *Id.* at ¶ 9. The district court could well follow that authority in this case in appointing an attorney or attorney guardian ad litem for the minor child.

## III. *CONCLUSION*

14. We hold that Plaintiff in this case cannot legally proceed "pro se" on behalf of his minor child, because representation on behalf of a party with an incapacity is *not* a substitute for license to practice law. Accordingly, we remand to the district court for the limited purpose of appointment of an attorney or attorney guardian ad litem for the minor child to represent him in the Panel proceedings and, if necessary, in the court proceedings below. In view of this disposition, it is not necessary to reach the question whether an attorney requirement in the Act violates New Mexico's constitutional guarantees of equal protection and access to the courts.

15. **IT IS SO ORDERED.**

ALARID and ARMIJO, JJ., concur.