KENNEDY, Justice,
dissenting.
I think the circuit court properly denied the defendants’ motion to dismiss. Therefore, I dissent from the issuance of the writ of mandamus.
Mary P. Stewart, age 54, was admitted to Baptist Memorial Hospital with pneu-monitis on February 27, 1993. She died a few days later. Her daughter, Donna Stewart, as executrix of her estate, filed a medical malpractice complaint on February 22, 1995, acting pro se. On June 7, 1995, attorney David Carnes filed an appearance on Stewart’s behalf and filed the following affidavit:
“1. I am a licensed attorney in the state of Alabama, with a large portion of my practice devoted to medical malpractice claims. Prior to February 22, 1995, I was consulted by Donna Stewart, Executrix of the Estate of Mary P. Stewart, deceased, who wished to employ me to represent the estate in a medical malpractice wrongful death action.
“2. Donna Stewart had very strong feelings that her mother, Mary P. Stewart, had died as a result of medical malpractice and she was determined to file a wrongful death medical malpractice lawsuit on behalf of the estate.
“3. I was able to have the medical records reviewed by a consulting physician, a board-certified internist, whom I use as a consultant, but do not use as an expert witness to testify, in medical malpractice cases. I am usually able to get this consultant to review records relatively quickly — much more quickly than most consultants will. However, the review by the consulting physician occurred only a few days before the statute of limitations was to expire. The consultant opined that the defendants in this action breached the standard of care owed to the deceased.
“4. I explained to Ms. Stewart that I would not be willing to represent her in the case unless I was able to obtain medical expert witnesses of my choosing, who would be willing to testify in court in support of the claims made. It was obvious that I would be unable to determine, before the statute of limitations expired, whether I would be able to obtain expert witnesses of my choosing to give testimony required to prove the case.
“5. Donna Stewart was adamant in her desire to litigate this case and do whatever was necessary to accomplish maintaining the claims. Because of our law firm’s location in Gadsden and the fact that we have successfully handled a number of medical malpractice claims, Donna Stewart was particularly eager to *782 get us to handle the case if we would. She realized that she was not experienced in handling medical malpractice cases. She, however, intended to proceed with the case — whatever it took, and even if she could not get a lawyer. “6. Our law firm assisted Donna Stewart in the preparation of the summons and complaint in this case, together with the filing of deposition notices and interrogatories. The depositions in this case were not taken as scheduled because they were canceled by the defendants, not by Donna Stewart, who was prepared to go forward with discovery— with or without a lawyer. As Donna Stewart has said in her affidavit, she has no desire to practice law. However, she has at all times been completely determined to go forward with this case, whatever it took, herself — if she could not get a lawyer.
“7. Carolyn C. Hyman and I on this date have entered our appearances as attorneys for the plaintiff, inasmuch as we have now been able to select an expert witness who has reviewed the records and who is prepared to testify under oath that there was a breach of the standard of care. We believe that Mary P. Stewart died as a result of medical malpractice.
“8. There has never been any hesitation or reluctance on the part of Donna Stewart to maintain and proceed with this case, and to the contrary, she has at all times evidenced the desire and intent to maintain this case and proceed with it herself in her capacity as Executrix, without representation by an attorney, if necessary.
“This the 7th day of June, 1995.”
I think it wholly unfair to treat Donna Stewart’s complaint as a nullity and to bar a court from ever reaching the merits of her claim. It is obvious that Donna Stewart had help from a licensed attorney in preparing this complaint and that no other action was taken in the case before she retained that same attorney.
I find one case where we have allowed a pro se appeal by a personal representative. In Vaughn v. Griffith, 565 So.2d 75 (Ala.1990), cert. denied, 498 U.S. 1097, 111 S.Ct. 987, 112 L.Ed.2d 1072 (1991), a medical malpractice case, this Court decided an appeal wherein the minor plaintiff appeared pro se by and through her father. She had been represented by an attorney at trial.
I also agree with the approach of the New Mexico Court of Appeals in a similar case. In Chisholm v. Rueckhaus, 124 N.M. 255, 948 P.2d 707(Ct.App,1997), the plaintiff, a nonattorney, filed a medical malpractice action, pro se, on behalf of his minor child, just days before the statutory limitations period was to run. The court held that the plaintiff was representing his child in a legal capacity and was engaging in the unauthorized practice of law. However, the court took a flexible approach to its medical malpractice statute, so as to preserve access to the courts, by remanding the case to the trial court for appointment of an attorney or guardian ad litem to represent the child.
I would agree with the majority that the preparation and filing of a medical malpractice complaint requires the professional judgment of a lawyer, and is, therefore, the practice of law. However, it is clear that Donna Stewart was aided by an attorney in preparing and filing this complaint and that no other action had been taken when this same attorney later filed an appearance as her lawyer. I do not think, under these circumstances, that Donna Stewart, as representative of her mother’s estate, should be denied her day in court.
SHORES, J., concurs.