This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THOMAS SEAMAN, in his capacity as Receiver for the assets of Theodore Wesley Swain,**

Plaintiff-Appellee,

v.                                                                                    NO. 31,307

**THEODORE WESLEY SWAIN, a/k/a THEODORE SWAIN,**

Defendant-Appellant,

**LYNRAE SWAIN, EL SEGUNDO CINCUENTA CORPORATION, a New Mexico Corporation, and FIRST NEW MEXICO BANK, a New Mexico Banking Organization,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary M. Jeffreys, District Judge**

Hinkle, Hensley, Shanor & Martin, LLP
Gary W. Larson
Nancy S. Cusack
Santa Fe, NM

for Appellee

Theodore Wesley Swain

San Diego, CA

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Appellant Theodore Swain (Defendant) appeals pro se from the district court's refusal to set aside the default judgment against him that provides that Appellee Thomas Seaman (Plaintiff) has the authority to act as a receiver for Defendant's assets. [RP Vol.III/636] Defendant also appeals from the district court's order that grants Plaintiff's motion to strike some of Defendant's pleadings [RP Vol.III/634], which includes his late answer and "cross-complaint". [RP Vol.II/234, 251] Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred in denying his request to set aside the default judgment. [DS 3, 9-10] For reasons detailed in our notice, Defendant did not present adequate grounds to set aside the default judgment. Even though the district court afforded Defendant an extension to file his answer [RP Vol.I/81; RP Vol.III/519; MIO 2], he failed to timely do so and thus failed to comply with the procedural rules of the court at his own peril. *See generally Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (recognizing that a party

2

who has chosen a course of action that prevented the party from taking the necessary steps to protect its interests is not entitled to relief). Any requests by Defendant to obtain a copy of the rules [MIO 2] do not absolve him of his responsibility to follow the rules. *See Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (providing that pro se litigants are held to the same standards as litigants represented by counsel). Nor does Defendant's asserted need for further time to file something more than "any old answer" [MIO 6, 12] absolve him of his responsibility to follow the rules. *Id.* Moreover, while Defendant maintains that he lacked adequate access to legal resources while in prison in California and therefore was unable to file a timely answer [DS 9; MIO 3-7, 13], his assertion is not supported by the record, as he filed many pleadings—some before he responded to the complaint or default judgment. [RP Vol.III/521-22] *See generally Griffin v. Thomas*, 2004-NMCA-088, ¶ 62, 136 N.M. 129, 95 P.3d 1044 (holding that an inmate alleging that his constitutional access to the courts was violated by a prison law library access policy must show that the alleged shortcomings actually hindered efforts to pursue a legal claim).

Apart from Defendant's failure to provide adequate grounds for vacating the default judgment, he did not provide a meritorious defense in his motion to set aside the default judgment. [RP Vol.II/201] While Defendant may believe that he was not

3

legally convicted for the underlying crimes that resulted in the appointment of a receiver, or that the appointment of a receiver is even merited [RP Vol.II/236; MIO 8-10], he provides no credible facts or legal authority to support his belief, or to otherwise justify setting aside the default judgment. [MIO 9-11] *Cf.* Rule 1-060(B) NMRA (setting forth reasons why a court may relieve a party from a final judgment). To the extent Defendant asserts that his conviction, upon which the appointment of a receivership stems, was due to alleged ineffective assistance of counsel [MIO 9], this is a challenge to the underlying conviction, not to the entry of the default judgment in favor of Plaintiff's complaint for declaratory relief to act as a receiver. We further remain unpersuaded by Defendant's argument that the district court erred in granting Plaintiff's motion to strike [RP Vol.III/634; MIO 2], given that Defendant filed the pleadings at issue after default judgment was entered and without leave of court. Lastly, to the extent Defendant continues to contest the district court's denial of his request to represent El Segundo Cincuenta Corporation [RP Vol.III/640; MIO 14-15], we agree with the district court's ruling. *See generally Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 5, 124 N.M. 255, 948 P.2d 707 (providing that a non-attorney may not represent another person in a legal proceeding and that a corporation can appear in court only by an attorney at law). In this regard, we note that the

4

Corporation did not move to set aside the default judgment against it, or otherwise appeal from entry of the default judgment.

Based on our notice and the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**