This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL C. DOLVIN,**

    Petitioner-Appellant,

**v.**                                                                 **No. 34,798**

**MICHAEL M. RUECKHAUS and THE**
**NEW MEXICO MEDICAL REVIEW**
**COMMISSION,**

    Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Michael C. Dolvin
Alamogordo, NM

Pro Se Appellant

Gallagher, Casados & Mann, P.C.
Harriett J. Hickman
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Plaintiff appeals from the district court's dismissal of his petition for writ of certiorari; Plaintiff asked the district court to order the Medical Review Commission (the Commission) to allow him to represent himself on a pro se basis before the Commission. We issued a notice of proposed disposition proposing to affirm. In response, the following documents have been filed: a memorandum in opposition and a motion to amend the docketing statement by Plaintiff; a response indicating Defendants have no objection to the proposed disposition and a response opposing Plaintiff's request to amend his docketing statement by Defendants; and a motion to strike, request for sanctions, and formal objection by Plaintiff, objecting to Defendants' response opposing the motion to amend. After carefully considering all of the discussion contained in Plaintiff's various pleadings, we remain convinced that summary affirmance is appropriate in this case. In addition, we deny Plaintiff's motions, as discussed in this opinion.

{2} **Plaintiff's Motion to Amend the Docketing Statement and Motion to Strike Defendants' Response Thereto:** The motion to amend the docketing statement duplicates arguments made elsewhere in Plaintiff's appellate pleadings, either in his docketing statement or in his memorandum in opposition. We have considered all of those arguments in arriving at our disposition in this case. Therefore, we deny the motion to amend the docketing statement as an unnecessary and duplicative pleading.

**{3}** As for the motion to strike and request for sanctions, we note the following. Defendants filed a two-page response (excluding the signature page) opposing the motion to amend the docketing statement, arguing in essence that amending the docketing statement would be futile because it would not change the outcome of this appeal. Plaintiff then filed an eighteen-page motion (excluding the signature page) accusing opposing counsel of engaging in fraud and of acting unethically and requesting that this Court impose sanctions. Plaintiff contends that Defendants' response is in reality a second memorandum supporting the proposed disposition contained in our notice, and this is apparently the basis for Plaintiff's outrage. We disagree. Defendants' response is a straightforward and brief reiteration of the reasons why Plaintiff's appeal is without merit and why allowing amendment of the docketing statement would therefore be futile. We deny Plaintiff's motion in its entirety and caution Plaintiff to refrain from engaging in the type of hyperbole exhibited by the motion—accusations of fraud and unethical behavior are not appropriate simply because Plaintiff believes that a Rule of Appellate Procedure has been violated. This is especially true where, as here, Plaintiff's belief is unfounded.

**{4}** **Merits:** We made two main points in our notice of proposed summary disposition: first, we proposed to agree that pro se litigants must be provided some mechanism by which they may bring a medical-malpractice lawsuit; second, we

proposed to hold that we need not decide in this case what mechanism would be appropriate, because Plaintiff has not established his standing to bring a medical-malpractice claim on behalf of his deceased mother. In response, Plaintiff has filed a lengthy memorandum in opposition raising a number of arguments. While we need not address each argument individually, we are compelled to comment on some of the assertions made by Plaintiff.

{5}     We note first that on pages 6 and 7 of the memorandum, Plaintiff accuses the district court of acting out of malicious motives and of intentionally sabotaging Plaintiff's case. The basis of these accusations is Plaintiff's contention that the district court took an "outrageously" long time, four months, to rule on Plaintiff's motion for reconsideration. [MIO 6-7] We caution Plaintiff, as we did with respect to his motion to strike, to refrain from these types of baseless accusations in his pleadings. Contrary to his assertion, four months is not an "outrageously" long time for a district court to rule on a party's motion; in fact, it is extremely common for a motion to wait that long, or longer, for a decision. This is because the district courts are underfunded and overworked and have many more cases waiting for decisions other than Plaintiff's. The mere fact that Plaintiff desired a quick ruling on his motion does not mean that that motion takes top priority with the district court, which has trials to conduct, hearings to hold, and decisions to make in many, many other cases. Plaintiff's baseless

4

accusations of malice and intentional sabotage are unwarranted and in fact, should they continue, could very well subject him to sanctions.

{6} In addition, although Plaintiff contends the district court's delay harmed him, we have already rejected that contention in the notice of proposed summary disposition. As we pointed out there, by filing his notice of appeal, Plaintiff deprived the district court of jurisdiction to rule on his motion for reconsideration, which was filed more than thirty days after the district court order Plaintiff was challenging. The district court's ruling on the motion, therefore, is of no effect, and Plaintiff suffered no harm from the district court's allegedly "outrageous" delay. We recognize that Plaintiff does not agree with our analysis and contends that he did not deprive the district court of jurisdiction by filing his notice of appeal. However, we have reviewed Plaintiff's arguments and do not agree with them. Our analysis in the notice was correct: Plaintiff's successive motion for reconsideration, filed more than thirty days after the district court's order of October 23, 2014 denying the petition for writ of certiorari, did not render the notice of appeal ineffective; therefore, the notice deprived the district court of jurisdiction to act on the motion for reconsideration.

{7} Plaintiff's memorandum in opposition also contains a lengthy discussion of the question of a pro se litigant's right to represent himself in a medical-malpractice case, as well as Plaintiff's right to appear in front of the Commission as a pro se litigant.

[MIO 7-16] As we pointed out in the notice of proposed summary disposition, however, we need not address that question in this case, because Plaintiff did not have standing to represent his deceased mother's estate in a medical-malpractice action in any forum. Plaintiff argues vigorously that this Court should address the question because pro se litigants in New Mexico need guidance for future cases. Given Plaintiff's lack of standing, even if we did decide that a pro se litigant can represent himself before the Commission, or alternatively that a pro se litigant may bypass the Commission and proceed directly to district court, that decision would be of no use to Plaintiff in this appeal. In effect, therefore, it would be no more than an advisory opinion that would have no impact on the parties in this particular case, and this Court does not issue advisory opinions. *See Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶ 27, 128 N.M. 611, 995 P.2d 1053. Resolution of the question of a self-represented individual's ability to maintain a medical-malpractice action must wait for a case in which that resolution will make a practical difference to the parties in that case.

{8} Plaintiff next addresses the standing issue that was the basis for our proposed affirmance in the notice. [MIO 16-21] He first argues that the Commission, rather than immediately informing him that it would not consider his submission, held onto it for a year. [MIO 17-19] He does not explain, however, how this fact has any impact on

6

the standing question. The bottom line is, Plaintiff has never been appointed personal representative of his mother's estate, and in our notice we cited case law indicating that a medical-malpractice action brought on behalf of a deceased individual must be brought by a personal representative of the deceased individual's estate. *Mackey v. Burke*, 1984-NMCA-028, ¶ 7, 102 N.M. 294, 694 P.2d 1359, *overruled on other grounds by Chavez v. Regents of Univ. of N.M.*, 1985-NMSC-114, ¶¶ 5, 20, 103 N.M. 606, 711 P.2d 883. The fact that the Commission did not inform Plaintiff of this problem for some period of time does not somehow confer personal-representative standing upon Plaintiff.

{9}     Plaintiff also argues that his case had merit because a pro se litigant has a right to appear pro se before the Commission. [MIO 19] Assuming that is true, a question we decline to decide in this case, the right would only apply if Plaintiff was presenting a medical-malpractice claim on behalf of himself, not on behalf of another individual or, as in this case, his mother's estate. This argument therefore has no effect on the standing question.

{10}     Plaintiff contends that dismissal of his petition should not be affirmed because this Court has forgiven a flawed procedure in a prior case, *Chisholm v. Rueckhaus*, 1997-NMCA-112, 124 N.M. 255, 948 P.2d 707. Plaintiff requests similar relief in this appeal. [MIO 20] In *Chisholm*, in order to protect a minor child's interests, we

7

remanded the case so the district court could appoint an attorney or a guardian ad litem to pursue a malpractice action on behalf of the minor child. 1997-NMCA-112, ¶¶ 12-14. The basis of that action was New Mexico courts' strong interest in protecting the rights of minor children, an interest that is not present in this case. We therefore decline Plaintiff's request to be treated in the same manner as the minor child was treated in *Chisholm*.

{11} Plaintiff next appears to maintain that this case involves not only the estate's potential interest in the medical-malpractice action, but his own rights as well. [MIO 20] He in effect claims that his petition for writ of certiorari should not have been denied because he should have been allowed to litigate his own interests. However, both below and on appeal the gravamen of Plaintiff's action was to pursue a medical-malpractice case as a result of allegedly deficient medical treatment provided to Plaintiff's mother, not to Plaintiff himself. The rights that have been allegedly denied to Plaintiff all concern the question of whether he will be able to pursue that medical-malpractice claim on a pro se basis. As we have discussed in the notice and in this opinion, if Plaintiff had been pursuing a claim for medical malpractice committed against him personally, his right to do so would need to be recognized. However, that is not the situation here and any "rights" Plaintiff is attempting to assert are derivative

8

of the medical-malpractice action that he does not have standing to pursue. For that reason, we reject this argument.

{12} Plaintiff points out that he presented evidence of his special relationship with his mother to the district court, including the fact that he was her legal representative for medical purposes when she was hospitalized and that he was her only child. [MIO 20] As we pointed out in the notice, the key issue is not what type of relationship Plaintiff had with his mother or whether he is her sole heir; instead, the applicable law requires that an action such as this be pursued by the duly appointed personal representative of the deceased individual's estate. *Mackey*, 1984-NMCA-028, ¶ 7. Unless and until Plaintiff satisfies that prerequisite by obtaining appointment as personal representative of the estate, he will not have standing to pursue a medical-malpractice action on behalf of his deceased mother.

{13} Plaintiff complains of several actions by this Court that allegedly have "grossly violated" his "civil and constitutional rights," such as considering only one docketing statement that Plaintiff contends he was forced to file prematurely. [MIO 21] We do not agree with Plaintiff's complaints. We have reviewed several pleadings filed by Plaintiff and have thereby obtained a complete picture of his legal and factual arguments. Thus, he has had a full and fair opportunity to present those arguments, and in fact has had more of an opportunity to do so than does the typical appellant,

who does not file the same number of motions and other pleadings as Plaintiff has filed in this case. Contrary to Plaintiff's assertion, he has suffered no deprivation of constitutional rights as a result of our handling of his appeal; we have simply ruled against him.

{14}    We take this opportunity to again point out an issue we briefly mentioned in the notice of proposed summary disposition. In that notice we noted the possibility that Plaintiff might be named as personal representative of his mother's estate at some point, and we expressed no opinion concerning the impact this pending case might have on statute of limitations questions that might arise in any future case Plaintiff might file. To that suggestion we also add the following: nothing in this opinion or in our notice should be read to imply that Plaintiff, even if he were to become personal representative of his mother's estate, should be allowed to pursue a pro se medical-malpractice action on behalf of that estate. As we have stated, a pro se litigant should have the right to pursue such an action on behalf of himself, but that is a different matter than attempting to represent an estate on a pro se basis, merely because the would-be litigant has been appointed personal representative. In fact, in other jurisdictions such pro se representation has been prohibited as the unauthorized practice of law. *See, e.g.*, *City of Downey v. Johnson*, 263 Cal. App.2d 775, 779-80 (1968) (citing cases). We need not decide whether that prohibition would apply in

New Mexico; we merely emphasize that our discussion in this opinion and in our notice should not be construed as any type of implied permission allowing a personal representative to bring a pro se action for medical malpractice on behalf of an estate.

{15}     Based on the foregoing, we affirm the district court's denial of Plaintiff's petition for writ of certiorari.

{16}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**