This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-BC2, BY BAC AS SERVICER WITH DELEGATED AUTHORITY UNDER THE TRANSACTION DOCUMENTS,**

Plaintiff-Appellee,

v.                                                            NO. 35,638

**MARCUS D. CHAVEZ,**

Defendant-Appellant,

and

**LORRAINE D. CHAVEZ, THE STATE OF NEW MEXICO DEPARTMENT OF TAXATION & REVENUE, NEW MEXICO EDUCATORS FEDERAL CREDIT UNION AND MIDDLE RIO GRANDE CONSERVANCY DISTRICT,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Karen Howden Weaver
Joshua T. Chappell
Albuquerque, NM

for Appellee

Marcus Chavez
Belen, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     This appeal arises from the district court's order denying Marcus D. Chavez and Lorraine D. Chavez (referred to collectively as Defendants) motion to vacate the judgment and dismiss for lack of standing. [RP 267] Initially, we note that it has come to this Court's attention that in the action below, Defendants acted as self-represented litigants, both signing the answer to the complaint. [RP 59] However, Marcus D. Chavez (Appellant), alone, filed and signed the notice of appeal and docketing statement. [RP 264, 274-275] It does not appear that Lorraine D. Chavez filed a notice of appeal from the judgment, and the time for doing so has expired. Appellant cannot represent the interests of Lorraine D. Chavez on appeal in his capacity as a self-

represented litigant because he does not appear to be a licensed attorney in the state of New Mexico. *See Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶¶ 5-6, 124 N.M. 255, 948 P.2d 707 (holding that a non-attorney may not represent another person in a legal proceeding). We note that while Appellant may not represent Lorraine D. Chavez, the outcome of this appeal applies equally to her, as both parties signed the mortgage and related agreements at issue as husband and wife. [RP 8, 11, 23, 31].

{2}     As to the merits of the appeal, this Court's calendar notice proposed to summarily affirm. Appellant filed a memorandum in opposition to the proposed disposition, and raised what appears to be a new issue that we construe as a motion to amend the docketing statement. Appellee filed a memorandum in support of the proposed disposition. Because we are not persuaded by Appellant's arguments, we deny the motion to amend as non-viable, and affirm.

{3}     Appellant's docketing statement argued that Plaintiff U.S. Bank (Appellee) failed to show standing, pursuant to *Bank of N.Y. v. Romero*, 2014-NMSC-007, 320 P.3d 1, and *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046. [DS 3-4] This Court's calendar notice determined that at the time of the complaint: (1) Appellee asserted that Defendants executed a mortgage and note with the original lender [RP 1 (¶¶ 2-3)]; (2) Defendants entered into a loan modification agreement [RP 2-3 (¶ 4)]; (3) Appellee asserted that it was assigned the mortgage and

that it was the holder in due course of the note and mortgage [RP 3 (¶ 5)]; (4) a copy of the note, indorsed in blank, was attached to the complaint [RP 8-10]; and (5) copies of the mortgage and assignment of mortgage, as well as a loan modification agreement were also attached to the complaint [RP 11, 23, 31]. We therefore proposed to conclude that because Appellee was in possession of bearer paper, indorsed in blank, when the foreclosure action was filed, Appellee was the holder of the note, entitled to enforce it, and accordingly had standing to bring the foreclosure action. *See* NMSA 1978, § 55-3-104(a) (1992) (stating that a promissory note can be enforced by the holder of the instrument); NMSA 1978, § 55-1-201(b)(21)(A) (2005) (stating that the holder of the instrument is the person in possession of a negotiable instrument that is payable either to bearer (in blank) or to an identified person that is the person in possession); *see also Romero*, 2014-NMSC-007, ¶ 21 (stating that a person is entitled to enforce a note when they are the holder of the instrument); *id.* ¶ 26 ("[I]f the . . . note contained only a blank indorsement from [the original lender], that blank indorsement would have established the [b]ank as a holder because the [b]ank would have been in possession of bearer paper[.]").

{4}    Appellant argues that physical possession of the note does not in itself demonstrate a perfected security interest as a holder of the note [MIO 1], and the assignment of the mortgage to Appellee by Mortgage Electronic System (MERS) was

4

ineffective under *Romero*. [MIO 2-3] Appellant is misguided in his application of that case. In *Romero*, the bank attempted to establish itself as the holder of the note simply by possession, but the note was not indorsed or otherwise transferred to the bank. *See id.* ¶¶ 26, 33. The bank therefore alternatively asserted that it could enforce the note because it was assigned the mortgage by MERS. *Id.* ¶ 34. Our Supreme Court rejected the argument and determined that because the bank did not introduce any evidence demonstrating that it was a party with the right to enforce the note either by an indorsement or proper transfer, the bank lacked standing to foreclose on the mortgage. *Id.* ¶¶ 35, 38. We recognize that an assignment of mortgage has no effect on an assignment of a note, or that an assignment of mortgage does not prove transfer of the note. *Johnston*, 2016-NMSC-013, ¶ 30. In contrast, here there was evidence both that Appellee was assigned the mortgage prior to the filing of the foreclosure action and that Appellee was the holder of the note, which was indorsed in blank. [RP 3 (¶ 5); RP 12, 23, 31] Appellee therefore had standing to foreclose on the mortgage.

**{5}** Insofar as Appellant argues that the MERS assignment of the mortgage to Appellee was ineffective to establish its right to enforce the note, we disagree. [MIO4] We recognize the separate functions of a note and mortgage in a foreclosure action. *See Romero*, 2014-NMSC-007, ¶ 35 ("A mortgage securing the repayment of a promissory note follows the note, and thus, only the rightful owner of the note has the

5

right to enforce the mortgage." (internal quotation marks and citation omitted)). Unlike the bank in *Romero*, however, here there was no assertion by Appellee that the assignment of mortgage also attempted to assign the note. *See id.* The assignment of the mortgage occurred in August 2012, prior to the date Appellee filed its complaint for foreclosure in December of 2012, establishing the proper transfer prior to the filing date of the foreclosure action. *See id.* ¶36 (concluding that the MERS assignment failed not only because the note was not properly indorsed, but also because the assignment of the mortgage to the bank three months after the complaint for foreclosure was filed did not establish the proper transfer before the filing date of the foreclosure action). Additionally, to the extent Appellant argues that Appellee did not establish that it owned the note at the time of the filing, we disagree. Appellee established it was the holder in due course of the note by presenting a note indorsed in blank, attached to the complaint, at the time foreclosure action was filed. [RP 3 (¶ 5)] Appellee established both that it owned the note at the time of filing and that, as the holder of the note, indorsed in blank, it could enforce the note. *See Johnston*, 2016-NMSC-013, ¶ 25. Therefore, Appellee not only satisfied pleading requirements solely by alleging it was the holder of the note, it also established standing by asserting that it was the holder of the note at the time of filing, and attaching the note to the complaint with an indorsement in blank. [RP 10] *See id.* ¶ 27 (distinguishing

6

pleading standards from issues of proof for standing).

{6} Lastly, insofar as Appellant raises for the first time on appeal the issue of whether Appellee's status as a trustee affects its capacity as holder of the note, [MIO 5] we construe this as a motion to amend the docketing statement and deny it as non-viable.

> In cases assigned to a summary calendar, a motion to amend the docketing statement (when asserting other than fundamental error or jurisdictional issues) will be granted only if: 1. It is timely; 2. It states all facts material to a consideration of the new issues attempted to be raised; 3. It states those issues and how they were preserved or shows why they did not have to be preserved; 4. It states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and 5. It complies in other respects with the appellate rules insofar as necessary under the circumstances of the case.

*State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309 (alteration omitted). Not only does Appellant fail to meet these requirements, he cites no authority in support of his assertion. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that if counsel had properly briefed the issue, we "would deny [the] defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable").

7

We therefore deny the motion to amend as non-viable.

{7}     For all of the reasons set forth above, and in the proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**

8