This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                             **No. A-1-CA-36779**

**TABITHA LYNN WOLF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Tabitha Lynn Wolf
Elida, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Tabitha Lynn Wolf appeals from the district court's judgment affirming the magistrate court's judgment finding her guilty of speeding, contrary to

NMSA 1978, Section 66-7-301 (2015), and deferring sentence [RP 102]. This Court's calendar notice proposed to affirm. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm.

{2}     Defendant continues to argue that the New Mexico Taxation and Revenue Department (the Department) is the only department vested with the authority over chapter 66 of the New Mexico statutes. [Unpaginated MIO 2] However, Defendant misapprehends NMSA 1978, Section 66-2-3 (2007). Subsection A states: "The department is vested with the power and is charged with the duty of observing, administering and enforcing the Motor Vehicle Code . . . in cooperation with state and local agencies as provided by law and the provisions of law now existing or hereinafter enacted[,]" (emphasis added), and clearly contemplates the cooperation of state courts as provided by law. Similarly, Defendant's reliance on NMSA 1978, Section 66-2-5 (1978) is misguided. Section 66-2-5 vests with the Department director the authority for prescribing the proper forms necessary to carry out the Motor Vehicle Code, and makes no provision for the enforcement of the Motor Vehicle Code. *See id.* ("The director shall prescribe and provide suitable forms of applications, certificates of title, evidences of registration, drivers' licenses and all other forms requisite or deemed necessary to carry out the provisions of the Motor Vehicle Code, . . . and any other laws, the enforcement and administration of which are vested

in the division."). Lastly, NMSA 1978, Section 66-1-4.4 (2016) merely defines the terms used in the Motor Vehicle Code. None of these provisions are in contravention with the statutes relied upon in this court's calendar notice that confer jurisdiction to the magistrate and district courts over the prosecution of misdemeanors. [CN 2-3] *See* NMSA 1978, § 66-1-4.17(N) (2007) ("trial court" means "the magistrate, municipal or district court that tries the case concerning an alleged violation of a provision of the Motor Vehicle Code"); NMSA 1978, § 35-3-4(A) (1985) ("Magistrates have jurisdiction in all cases of misdemeanors and petty misdemeanors[.]").

{3}       Defendant also continues to argue that the United States Constitution guarantees the right to counsel of choice, and that representing someone upon their request does not constitute the practice of law if they are not doing it as a business. [Unpaginated MIO 3-4] To the contrary, "[t]he practice of law is usually interpreted to entail the representation of others." *United States v. Martinez*, 1984-NMSC-072, ¶ 2, 101 N.M. 423, 684 P.2d 509. In addition, Defendant does not dispute the law relied upon in this Court's calendar notice. [CN 3] *See* NMSA 1978, § 36-2-27 (1999) (proscribing who may practice law on behalf of another); *Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 8, 124 N.M. 255, 948 P.2d 707 ("Representing one's self in a legal proceeding does not constitute the practice of law. Representing another, however, does.") (internal quotation marks and citation omitted). We are not persuaded by Defendant's

arguments. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4}    For these reasons, and those stated in this Court's notice of proposed disposition, we affirm.

{5}    **IT IS SO ORDERED.**


_____
**J. MILES HANSIEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI,Chief Judge**


_____
**M. MONICA ZAMORA,, Judge**

4