This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40245

**WAYNE HARRIS CARRUTH and
JEREMY QUINN CARRUTH,**

Plaintiffs-Appellees,

v.

**GINA LOUISE HARRIS, trustee of
the Gina Louise Harris Trust,**

Defendant-Appellant,

and

**HARRIS RANCH, LLC; JOSEPH WARREN
CARRUTH; and LORI ANN BOVIA,
individually and as trustee of the Lori
Ann Bovia Trust,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Michael A. Aragon, District Court Judge**

Rodey Dickason Sloan Akin & Robb, P.A.
Michael Kaemper
Albuquerque, NM

for Appellees

Fuqua Law & Policy, P.C.
Scott Fuqua
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Defendant Harris appeals from the district court's order of partition based on the recommendations to the court by a special master. We issued a calendar notice proposing to affirm. Defendant Harris has filed a memorandum in opposition and a motion to amend the docketing statement. Having duly considered the memorandum and the motion, we remain unpersuaded and affirm.

**{2}**     Initially, we note that Defendants Harris Ranch, LLC, Carruth, and Bovia have attempted to join the appeal in the memorandum in opposition and motion to amend the docketing statement. For the reasons set forth below, we conclude that that Defendants are not properly before us, as only Defendant Harris filed a notice of appeal. [6 RP 1230-33] Neither Defendant Carruth nor Defendant Bovia filed their own notices of appeal nor did they sign the notice of appeal filed by Defendant Harris. Rather, the notice of appeal was signed only by Defendant Harris. In addition, Defendant Harris is not an attorney; she therefore lacked the necessary authority to file a notice of appeal on behalf of Harris Ranch, LLC, or anyone else, aside from herself as a self-represented litigant. *See Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 5, 124 N.M. 255, 948 P.2d 707 (explaining that "[t]he authority to represent another as a party does not equal the authority to practice law on their behalf"); *Martinez v. Roscoe*, 2001-NMCA-083, ¶¶ 5-8, 131 N.M. 137, 33 P.3d 887 (holding that a limited liability company is an artificial legal entity that requires legal representation by a licensed attorney); *see also* NMSA 1978, § 36-2-27 (1999) ("No person shall practice law in a court of this state . . . nor shall a person commence, conduct or defend an action or proceeding unless he has been granted a certificate of admission to the bar[.]"). Because Defendant Harris signed the notice of appeal and neither Defendant Carruth nor Defendant Bovia signed the notice of appeal or filed a notice of appeal of their own, we conclude that they are not parties in the appeal before us. Accordingly, we address the claims raised in the memorandum in opposition as they relate to Defendant Harris.

**{3}**     Turning to the memorandum in opposition, Defendant Harris continues to argue that the district court did not have the authority to partition the property because the terms laid out in the memorandum of understanding ordered the land to be partitioned as provided by the trust. [MIO 7-9] In our calendar notice we suggested that Defendant Harris invited the error when she agreed to the partition. [CN 7-8] In response, Defendant Harris argues that the partition to which she agreed was the one proposed by Plaintiffs and not "the partition as ultimately ordered by the [district c]ourt." [MIO 9] However, Defendant Harris' agreement to partition was not premised on the condition that the partition be identical to the one proposed by Plaintiffs. Moreover, Defendant Harris failed to preserve her objection to the district court's ultimate ruling regarding the partition. *See* Rule 12-321(A) NMRA ("To preserve an issue for review. it must appear that a ruling or decision by the trial court was fairly invoked."); *see also Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("In order to preserve an issue for appeal, [an appellant] must have made a timely

and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon.").

**{4}** Defendant Harris also asserts that even if she did waive her objections, Defendants Carruth and Bovia objected to the special master's recommendations at the hearing and that Defendant Harris "lacks the ability to waive appealable issues for any other party." [MIO 8] Although the record proper does reflect that Defendants Carruth and Bovia objected at the hearing to the special master's valuation of the property, their objection was not timely. Defendant Harris does not dispute the facts relied upon in our calendar notice—that the parties stipulated to a special master; after the special master filed his recommendations with the district court, a hearing was set to review those recommendations; the hearing was continued at Defendants' request to allow all parties time to respond; Plaintiffs filed their response before the rescheduled hearing and Defendants filed no response; Defendants Carruth and Bovia failed to appear at the rescheduled hearing; the district court rescheduled the hearing based on due process concerns to, again, give Defendants a chance to respond to the special master's recommendations and provided Defendants an additional fifteen days in which to file a response. [CN 5-7] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). To the extent that Defendant Harris argues Defendants Carruth and Bovia raised their objections at the hearing, the record reflects that the district court was very clear that if Defendants did not file a responsive pleading to the special master's recommendations within the allotted fifteen days, it would grant the relief sought by Plaintiffs. [4 RP 889] The district court reiterated this requirement multiple times to Defendant Harris and asked if she understood; she replied that she did. [4 RP 889, 890] Defendants did not file a responsive pleading as ordered by the district court. Thus, not only were Defendants given an additional opportunity to respond to the special master's recommendations, but were provided ample time to do so and failed to respond in a timely manner.

**{5}** To the extent that Defendant Harris argues they should have been given another opportunity to object to the special master's recommendations because they were pro se, we remain unpersuaded. Having chosen to appear as self-represented litigants, Defendants are "held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (internal quotation marks and citation omitted); *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 ("Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel."). In addition, we note that Defendants Carruth and Bovia had two months from the date of the initial hearing, which had been continued at their request, to the subsequent, rescheduled hearing in which they could have retained a new attorney, but did not do so. Consequently, we conclude that the district court did not abuse its discretion by ruling it would not hear Defendants Carruth and Bovia's untimely objections and muting Defendant Carruth's efforts to pose their objections. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶

11, 314 P.3d 688 ("An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." (internal quotation marks and citation omitted)).

**{6}** Turning to Defendant Harris' motion to amend her docketing statement, we note that in cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}** Defendant Harris' motion to amend seeks to clarify the "nuance to those issues that th[is] Court should consider in evaluating the appeal at this early stage." [MIO 11] However, the motion to amend largely includes issues raised in Defendant Harris' docketing statement and addressed by the proposed conclusions in our calendar notice, including arguments regarding the partition of the land claims and that the district court should have allowed Defendants an opportunity to object to the special master's recommendations. [CN 7-8] All issues raised in the motion to amend could have been, and seemingly were, presented in Defendant Harris' docketing statement. Given that we have already considered these contentions and found them unpersuasive, we deny the motion to amend, as the issues that Defendant Harris is seeking to raise are not viable. *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, if counsel had properly briefed the issue, we "would deny defendant's motion to amend because we find the issue [they] seek[] to raise to be so without merit as not to be viable").

**{8}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order of partition.

**{9}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**